# EXHIBIT 6

DICELLO LEVITT

TEN NORTH DEARBORN STREET SIXTH FLOOR CHICAGO, ILLINOIS 60602

DANIEL R. FERRI
DFERRI@DICELLOLEVITT.COM
312.214.7900

April 28, 2023

**BY CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, AND .PDF EMAIL**

Mr. S. Wade Malone
Ms. Shaniqua L. Singleton
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW
Atlanta, Georgia 30363
wade.malone@nelsonmullins.com
shaniqua.singleton@nelsonmullins.com

Mr. Troy M. Yoshino
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, California 94111
tyoshino@winston.com

Mr. Daniel M. Blouin
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
dblouin@winston.com

**Re: *Sowa, et al. v. Mercedes-Benz USA, LLC***
**Case No. 1:23-cv-00636-SEG (N.D. Ga.)**

Dear Mr. Malone, Ms. Singleton, Mr. Blouin, and Mr. Yoshino,

As you know, our firm has been retained in the pending consolidated class action litigation against Mercedes-Benz USA, LLC and Mercedes-Benz Group AG (collectively "Mercedes") regarding a defect in the rear subframes (hereinafter "Rear Subframe Defect") in the following Mercedes-Benz vehicles:

2010-2022 C-Class
2010-2022 E-Class

2010-2015 GLK-Class
2010-2022 CLS-Class
2010-2020 SLK/SLC-Class
2016-2022 GLC-Class
2010-2022 SL-Class

As our Amended Complaint in this case alleges, Mercedes knew about the Rear Subframe Defect, which involves premature corrosion of the rear subframe and adjacent components—as far back as 2009. Mercedes' knowledge comes from numerous complaints made by consumers, both directly to Mercedes and indirectly to Mercedes through NHTSA and other avenues. Despite this knowledge, Mercedes has taken no reasonable measures to cure the Rear Subframe Defect, in violation of Mercedes' own New Vehicle Limited Warranty and Certified Pre-Owned Limited Warranty.

Although you already know of the allegations concerning Mercedes' wrongful conduct, including from the Amended Complaint in *Sowa*, this letter serves to inform Mercedes that Mercedes' conduct remains unremedied, in violation of several states' express warranty, implied warranty, and consumer protection laws. We thus place Mercedes on notice that Tenika Neil (California), Stephen Caggiano (Connecticut), Steven Averbach (Florida), Christian Kodom (Illinois), Lisa Turner (Kentucky), Mike Xie (Maryland), Pasquale Russolillo (Massachusetts), Edward Michael Jacobs (Michigan), Thomas Koby (Missouri), Monique Edwards (Missouri), Yauwen Lin (New Jersey), Stanley King (New Jersey), Samuel Ortiz (New York), Jack Simpson (Ohio), Brian Laakso (Ohio), Giuseppe Garofalo (Pennsylvania), Anthony Russell (Pennsylvania), Alexander Sowa (Rhode Island), Raymond Robinson (Rhode Island), Park Thomas (Tennessee), Curtis Willis (Texas), and Alma Brown (Texas) intend to bring claims against Mercedes, individually and on behalf other current and former owners of Class Vehicles for, among other things, breach of express warranty, breach of implied warranty, and/or violations of consumer protection statutes under the laws of California,[1] Connecticut,[2] Florida,[3]

---

[1] Cal. Civ. Code §§ 1750, *et seq.* (California Consumer Legal Remedies Act); Cal. Civ. Code §§ 1790, *et seq.* (Song-Beverly Consumer Warranty Act); Cal. Bus. & Prof. Code §§ 17200, *et seq.* (California Unfair Competition Law).

[2] Conn. Gen. Stat. §§ 42-110a, *et seq.* (Connecticut Unlawful Trade Practices Act); Conn. Gen. Stat. §§ 42A-2-313, 42A-2A-503, 42A-2-314, & 42A-2A-504.

[3] Fla. Stat. §§ 501.201, *et seq.* (Florida Deceptive and Unfair Trade Practices Act); Fla. Stat. §§ 672.313 & 680.21.

Illinois,[4] Kentucky,[5] Maryland,[6] Massachusetts,[7] Michigan,[8] Missouri,[9] New Jersey,[10] New York,[11] Ohio,[12] Pennsylvania,[13] Rhode Island,[14] Tennessee,[15] and Texas,[16] respectively. We further place Mercedes on notice that Tenika Neil intends to bring a claim for damages under the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

Sincerely,

Daniel R. Ferri

[4] 815 Ill. Comp. Stat. 505/1, *et seq.* (Illinois Consumer Fraud and Deceptive Business Practices Act); 810 Ill. Comp. Stat. 5/2-313 & 5/2A-210.

[5] Ky. Rev. Stat. §§ 367.110, *et seq.* (Kentucky Consumer Protection Act); Ky. Rev. Stat. §§ 355.2-313, 355.2-314, 355.2A-210, 355.2A-212.

[6] Md. Code Ann., Commercial Law §§ 13-101, *et seq.* (Maryland Consumer Protection Act); Md. Code Ann., Commercial Law §§ 2-313, 2-314, 2A-210, & 2A-212.

[7] Mass. Gen. L. ch. 93a, §§ 1, *et seq.*; Mass. Gen. L. ch. 106 §§ 2-313, 2-314, 2A-210, & 2A-212.

[8] M.C.L. §§ 445.901, *et seq.* (Michigan Consumer Protection Act); M.C.L. §§ 440.2313, 440.2314, 440.2860, & 440.2862.

[9] Mo. Rev. Stat. §§ 407.010, *et seq.* (Missouri Merchandising Practices Act); Mo. Rev. Stat. §§ 400.2-313, 400.2-314, 400.2A-210, & 400.2A-212.

[10] N.J. Stat. §§ 56:8-1, *et seq.* (New Jersey Consumer Fraud Act); N.J. Stat. §§ 12A:2-314 & 12A:2A-212.

[11] N.Y. Gen. Bus. L. § 349 (New York General Business Law, Deceptive Acts and Practices); N.Y. U.C.C. §§ 2-313, 2-314, 2-A-210, & 2-A-212.

[12] Ohio Rev. Code §§ 1345.01, *et seq.* (Ohio Consumer Sales Practices Act); Ohio Rev. Code §§ 1302.26, 1302.65(c)(1), & 1310.17.

[13] 73 Pa. Cons. Stat. §§ 201-1, *et seq.* (Pennsylvania Unfair Trade Practices and Consumer Protection Law); 13 Pa. Cons. Stat. §§ 2313 & 2314.

[14] R.I. Gen. L. §§ 6-13.1-1, *et seq.* (Rhode Island Unfair Trade Practice and Consumer Protection Act); R.I. Gen. L. §§ 6A-2-313, 6A-2-314, & 6A-2-607(3)(a).

[15] Tenn. Code Ann. §§ 47-18-101 *et seq.* (Tennessee Consumer Protection Act); Tenn. Code Ann. §§ 47-2-313, 47-2-314, 47-2A-210, & 47-2A-212.

[16] Tex. Bus. & Com. Code §§ 17.41, *et seq.* (Texas Deceptive Trade Practices – Consumer Protection Act); Tex. Bus. & Com. Code §§ 2.313, 2.314, 2a.210, & 2a.212.