UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER SOWA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-0636-SEG |

**ORDER**

On October 20, 2023, Plaintiffs filed a suggestion of death upon the record as to Plaintiff Steven Averbach. (Doc. 47.) Federal Rule of Civil Procedure 25 allows for substitution when a party dies. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). *See also Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996). "[T]o start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served

on a personal representative of the deceased party." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1009 (11th Cir. 2017).

Because it was unclear whether Rule 25's 90-day clock had been triggered, the Court on April 22, 2024, issued an order directing Plaintiffs "to file a status report by May 1, 2024, informing the Court whether Plaintiff Averbach's claim has been extinguished or if they will move to substitute a new party in interest to pursue his claims." (Doc. 57 at 2.) In response, Plaintiffs filed a status report stating that they served the October 20, 2023, suggestion of death on Mr. Averbach's widow "via Certified Mail on April 29, 2024." (Doc. 58 at 1-2.)

If a deceased party's representative is a non-party, like Mrs. Averbach, the suggestion of death must be served upon them according to the formalities of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(a)(3). Rule 4 permits service by mail, provided that the person or entity to be served executes a waiver of their right to otherwise receive personal service. *See* Fed. R. Civ. P. 4(d).

There is no indication that Mrs. Averbach has waived personal service. Accordingly, Plaintiffs are DIRECTED to file either an executed waiver of service by Mrs. Averbach or an executed return of personal service on Mrs. Averbach by May 15, 2024.

**SO ORDERED** this 1st day of May, 2024.

SARAH E. GERAGHTY
United States District Judge