**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALEXANDER SOWA, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>MERCEDES-BENZ GROUP AG;<br>MERCEDES-BENZ USA, LLC,<br><br>Defendants. | Case No. 1:23-cv-00636-SEG |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO EXTEND THE DEADLINE TO ANSWER THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

The Court has now extended the time for Defendants to answer the operative complaint. Dkt. 75. Plaintiffs oppose Defendants' additional request that discovery be stayed until after that answer is filed. This case—which involves a serious safety defect—was filed nearly two years ago, and Defendants have yet to even make their required initial disclosures, much less produce a single page of discovery. Perhaps further delay might be appropriate if this Court's order on the motions to dismiss left open the question of whether the case will proceed past the pleadings. But it did not: the Court upheld many claims—including a nationwide fraudulent omission claim—as well as Plaintiffs' ability at this stage of the proceedings to represent owners of more models than just those they purchased. As a result, the nature and scope of appropriate discovery is now set, regardless of any

amendment (and especially given Plaintiffs are just adding additional class representatives).

As Justice Frankfurter admonished long ago, "[l]itigation is the pursuit of practical ends, not a game of chess." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). And the Federal Rules mandate that the parties work together and with the Court "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Defendants have known for over eighteen months that Plaintiffs intended to amend their complaint to add Plaintiffs from additional states, including at least Georgia, Florida, Indiana, and New Hampshire, and to add a damages claim for Plaintiff Neil under California's CLRA. They knew that because Plaintiffs' counsel sent them notice letters on behalf of some,[1] invited them to attend inspections of others,[2] and informed the Court of their intention.[3] Plaintiffs refrained from amending earlier not for any improper purpose, but because Defendants' motions

---

[1] On May 3, 2024, Plaintiffs' Counsel sent Defendants a pre-suit notice letter on behalf of six class members who intended to join the complaint via amendment. *See* Ex. 1.

[2] *See* Dkt. 74-2 (correspondence with defense counsel inviting them to inspect vehicle of client located in New Hampshire and stating intention to add her to amended complaint); Dkt. 74-3 (correspondence with defense counsel inviting them to inspect vehicle of client located in Indiana and stating intention to add him to amended complaint).

[3] *See* Dkt. 58 (noting that Plaintiffs had been retained by five class members from Georgia and Florida and clarifying intent to file motion for leave to amend upon the resolution of the pending motions to dismiss).

to dismiss were fully briefed and under submission. Rather than interrupt that process with a premature amendment, Plaintiffs opted to proceed in a manner designed to ensure fairness and efficiency, and waited to see whether the Court's ruling required additional amendments (beyond the standard class action practice of adding additional proposed class representatives).

For their part, Defendants chose to try to delay discovery indefinitely. They refused Plaintiffs' (multiple) attempts to avoid motion practice and reach a compromise that would: (1) allow Plaintiffs to amend their complaint solely to include additional class representative Plaintiffs (and drop others who have since decided to drop out); (2) ensure Defendants did *not* have to answer multiple complaints by extending their deadline to do so until after Plaintiffs file their amended complaint; and (3) permit discovery to commence, given that the Court's order already defines the nature and scope of appropriate discovery. Dkt. 74-1. That proposal was simply common sense: discovery can get underway, and any discrete issues with respect to additional Plaintiffs can be addressed without bringing the entire litigation to a halt.

Notably, Plaintiffs could have forced Defendants' hand by choosing the much less efficient route and waiting to file their new representative Plaintiffs' claims in a new, separate complaint after Defendants' deadline to answer passed here (the new case would then be coordinated with this one). Plaintiffs instead

attempted to work cooperatively and efficiently with Defendants and in a manner that would burden the Court the least.

Defendants in effect request indefinite delay, the starting point being 90 additional days to answer the complaint, with briefing on and resolution of any motion to amend by Plaintiffs further delaying the start of discovery. In light of the Court's ruling on the motions to dismiss, this proposal makes no sense and is just delay for the sake of delay.

Plaintiffs respectfully request that the Court 1) permit discovery to commence immediately; 2) permit Plaintiffs to file a motion for leave to amend by the deadline set by the Court should one be required (given that Plaintiffs intend to amend only to add additional Plaintiffs, Defendants could obviate the need for such motion practice by stipulating to that amendment); and 3) extend the deadline for Defendants to answer the complaint to track the motion to amend ruling. Nothing in Local Rule 26.2(A) (or any other Rule) requires or justifies otherwise.

## I. BACKGROUND

Plaintiffs sent their first pre-suit notice letters to Defendants on December 9, 2022. The first complaint in this consolidated action was filed on February 10, 2023. After consolidation, Plaintiffs filed a first consolidated class action complaint on May 1, 2023. Dkt. 25. Defendant Mercedes-Benz USA moved to dismiss that complaint on June 14, 2023, Dkt. 28, and Defendant Mercedes-Benz

AG moved to dismiss on August 4, 2023, Dkt. 32. On December 31, 2024, the Court issued an Order granting in part and denying in part Defendants' motions to dismiss. Dkt. 70. The Court directed Defendants to answer Plaintiffs' complaint and indicated that discovery would begin "30 days after the appearance of the first defendant by answer to the complaint, unless the parties consent to begin earlier" as dictated by Local Rule 26.2(A). *Id*. at 118. Defendants' deadline to answer Plaintiffs' complaint was January 14, 2025. On January 10, the Court granted in part Defendant's Emergency Motion for Extension of Time to Answer the Amended Consolidated Class Action Complaint, extending the deadline for Defendants to answer or otherwise respond to the operative complaint to a date yet be determined and requiring Plaintiffs to seek leave to amend their current complaint by February 7, 2025. Dkt. 75.

## II. ARGUMENT

### A. Local Rule 26.2(A) does not require a stay of discovery for seriatim motions practice.

Local Rule 26.2(A) describes a default rule, stating that the "discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier." The Court applied the Rule: fully adjudicating a motion to dismiss and only then authorizing discovery. The Rule says nothing about subsequent amendments to the

complaint, let alone amendments narrow in scope where the current complaint has largely survived motions to dismiss and litigation will thus proceed regardless.

Defendants state that the "local rule envisions that the pleadings will be settled prior to discovery." Mot. at 9. True, as a general matter, but here the pleadings *are* settled in relevant part. The Court dismissed some claims but upheld others, including a nationwide fraudulent omission claim, Dkt. 70 at 81–98, meaning the case will proceed past the pleadings regardless of any amendment. And the Court held that at this stage of the proceedings Plaintiffs can represent owners of all Class Vehicles even though they did not purchase each model. Dkt. 70 at 11–16.

The cases Defendants cite are inapposite and do not dictate otherwise. Several address situations where an initial motion to dismiss has not yet been ruled on by the Court. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) (noting the propriety of resolving facial legal challenges to complaint prior to discovery in the context of "nonmeritorious claims"); *Jumlist v. Prime Ins. Co.*, 2021 WL 6751892, at *2 (N.D. Ga. June 24, 2021) (staying discovery where court had not ruled on defendants' motion to dismiss). The remaining were decided in unrelated procedural contexts and do not mention Local Rule 26.2(A). *See McCullough v. Sixt Rent A Car, LLC*, 2024 WL 4647932, at *3 (N.D. Ga. Oct. 30, 2024) (staying discovery in light of a pending motion for

summary judgment, as well as a motion for leave to file amended complaint); *Berk v. Equifax, Inc.*, 2020 WL 10051499, at *5 (N.D. Ga. Aug. 27, 2020) (reaffirming stay of all case deadlines where a settlement had ostensibly been reached); *Walker v. VXI Glob. Sols. LLC*, 2020 WL 10199575, at *2 (N.D. Ga. Mar. 10, 2020) (staying case deadlines in light of motion to compel arbitration).

**B. Further delay in discovery is unwarranted.**

Granting the 90-day extension to answer requested by Mercedes would result in delaying discovery by, at a minimum, three months. This does not account for any motion to amend the complaint filed by Plaintiffs, which Defendants would no doubt contend justifies further delay. Two years in, such delay is neither speedy nor just.

As Plaintiffs communicated to Defendants, they do not intend to amend the complaint in any way that would alter the nature or scope of discovery. Plaintiffs' amendment will not include new substantive factual allegations concerning the defect in the Class Vehicles or Defendants' conduct. They seek only to add additional class representatives, many from states already represented in the operative complaint,[4] and to add a damages claim for Plaintiff Neil under the

[4] While the final list of additional class representatives is not set, Plaintiffs anticipate that the only new states represented will be Indiana, New Hampshire and Georgia. Plaintiffs also plan to add a class representative from Florida to replace Stephen Averbach, who passed away during the pendency of the Motions to Dismiss. Dkt. 47.

CLRA as the Court expressly permitted.[5] The Court has already allowed Plaintiffs to pursue a nationwide fraudulent omission claim under Georgia law. Dkt. 70 at 81–98. While the addition of some of the new Plaintiffs will involve additional state law *legal* claims, Defendants can test those (or not) in opposition to a motion to amend the new complaint without holding up progress on the overall case.

The material Plaintiffs typically request at the outset of litigation—*e.g.*, information on corporate structuring, engineering documents, component design processes, pre-release testing, and consumer complaints—will not be impacted by the allegations of a few new class representatives who fit within the existing class definition. The only reason for Defendants to delay discovery is to further stall Plaintiffs' investigation and proof of their claims. Notably, Defendants *still* have not even provided Plaintiffs their initial disclosures. Those were due July 14, 2023, and Defendants represented they would provide them "prior to the start of ordinary discovery". Dkt. 30 at 8; *see also* L.R. 26.1(A). They have not.

Unnecessary delay would be improper in any case, but all the more so here, where the defect alleged is a safety defect and class members are still regularly reporting real-world failures while driving. Dkt. 68 at 3.

---

[5] Dkt. 70 at 107.

### C. Amendment to add additional class representatives is routine.

While the issue is not ripe,[6] it is unlikely that the Court will deny Plaintiffs leave to amend here. This will be their first such amendment (the prior one came solely as a result of consolidation), and they repeatedly informed Defendants and the Court of their intention to amend once the Court ruled on Defendants' motions to dismiss. As noted, the Court has now upheld claims that will proceed forward, including a proposed nationwide fraudulent omission claim.

Rule 15(a)(2) requires that courts give parties leave to amend pleadings "when justice so requires." It is well established that "[l]eave to amend should be liberally granted…[u]nless there is a substantial reason to deny leave."*Avery v. Newton Cnty. Recreation Comm'n*, 2019 WL 12381187, at *1 (N.D. Ga. Apr. 3, 2019) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)). Courts routinely grant permission to amend in the early stages of a case,[7]

---

[6] Much of Defendants' argument addresses the propriety of amendment, but there is no motion to amend currently before the Court. Defendants' arguments are therefore improper. *Rensel v. Centra Tech, Inc.*, 2019 WL 3429149, at *2 (S.D. Fla. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 3429128 (S.D. Fla. May 1, 2019) (declining to consider arguments as to the substance of a motion not yet filed); *Lakeview Cheese Co., LLC v. Nelson-Ricks Creamery Co.*, 296 F.R.D. 649, 654–55 (D. Idaho 2013) (same).

[7] Defendants' citations to the contrary are inapposite. *Bauser v. Porsche Cars N. Am., Inc.,* 2024 WL 2406884, at *4–5 (N.D. Ga. Mar. 25, 2024) (denying motion to amend complaint where plaintiff ignored court-imposed deadline to amend and failed to inform the court of the substance of the proposed amendment); *Devine v.*

*see, e.g.*, *Protack v. Delta Air Lines, Inc.*, 2019 WL 13276608 (N.D. Ga. May 29, 2019) (granting leave to amend where complaint had not been previously amended and no scheduling order had been entered), and where amendment will not have a significant impact on the scope of the case, *see, e.g.*, *Horses of Cumberland Island v. Haaland*, 2024 WL 2744812, at *3 (N.D. Ga. Feb. 23, 2024) (Geraghty, J.) (finding no undue delay or prejudice and noting that amendment would not "substantially alter the scope" of the case).

Defendants make no showing of undue delay or prejudice here, and there is none. As Defendants point out in their motion, Plaintiffs previewed that amendment would be necessary in July of 2023, in the parties' Joint Preliminary Report and Discovery Plan. Dkt. 30 at 7. Plaintiffs subsequently informed Defendants and the Court that they planned to amend to add Plaintiffs. They did so by letter (Ex. 1), by email (Dkts. 74-2 & 74-3), and in a filing with the Court (Dkt. 58). Plaintiffs' April 30, 2024 filing, a status report occasioned by the death of a class representative, explained in detail their reasoning for delaying amendment until after the Court's ruling on the motions to dismiss, despite their knowledge of additional class members willing to serve as representatives:

---

*United States*, 2019 WL 13100011, at *2 (S.D. Ga. Oct. 8, 2019) (denying motion to amend for failure to put forth proposed amendment); *Marchelletta v. Bergstrom*, 2017 WL 5505301, at *1–2 (N.D. Ga. Feb. 15, 2017), *aff'd*, 752 F. App'x 724 (11th Cir. 2018) (denying motion to amend the complaint and reopen a dismissed case based on "new and contradictory allegations" by plaintiff).

> Plaintiffs have not previously sought to amend to add additional representatives because they did not wish to interrupt or delay the resolution of the pending motions to dismiss.
>
> …
>
> If some or all of Plaintiffs' claims survive Defendants' pending dismissal motions, Plaintiffs intend to seek leave (if required) to file an amended complaint, including the above-mentioned Florida and Georgia plaintiffs, as well as plaintiffs from additional states not currently represented in the Consolidated Complaint.

Dkt. 58 at 3.

Given Plaintiffs' abundant communication on this issue, Defendants cannot now claim to be surprised or confused as to Plaintiffs' proposed amendment, or that Plaintiffs engaged in undue delay, or that they will somehow be prejudiced.

That is especially true here, where Plaintiffs seek only to amend to add additional representative Plaintiffs, a "common and normally an unexceptionable ('routine') feature of class action litigation." *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2005). Courts permit the substitution and addition of new class representatives during all stages of a case, even on the eve of trial. *See Martorella v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2006-1*, 2014 WL 12779556, at *2 (S.D. Fla. Sept. 18, 2014) ("Eleventh Circuit precedent favors allowing new and proper class representatives to enter a case to ensure the putative class members' interests are protected."); *cf. Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1343 (11th Cir. 2003) (finding abuse of

discretion in district court's denial of motion to substitute class representative on eve of trial).

No motion to amend the complaint has yet been filed, and the propriety of amendment is not now before the Court. However, Defendants' premature arguments provide no reason why the Court should depart from long-standing Eleventh Circuit standard and deny leave to amend, and do not support any further delay in the commencement of discovery.

## III. CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court deny the remaining relief sought by Defendants' Emergency Motion to Extend the Deadline to Answer the Amended Consolidated Class Action Complaint. Plaintiffs request that the Court enter an order: 1) permitting discovery to commence immediately; 2) permitting Plaintiffs to file a motion for leave to amend by the deadline set by the Court should one be required; and 3) extending the deadline for Defendants to answer the complaint to track the motion to amend ruling.

Dated: January 15, 2025

Respectfully submitted,

/s/ *Jonathan D. Selbin*
Jonathan D. Selbin (pro hac vice)
Andrew Kaufman (pro hac vice)
Muriel Kenfield-Kelleher (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, Eighth Floor
New York, New York 10013
Telephone: 212-355-9500
jselbin@lchb.com
akaufman@lchb.com
mkenfieldkelleher@lchb.com

*Plaintiffs' Interim Class Counsel*

/s/ *Adam J. Levitt*
Adam J. Levitt (pro hac vice)
John E. Tangren (pro hac vice)
Daniel R. Ferri (pro hac vice)
Daniel R. Schwartz (pro hac vice)
Elijah G. Savage (pro hac vice)
**DICELLO LEVITT LLP**
Ten North Dearborn Street,
Sixth Floor Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
dschwartz@dicellolevitt.com
bstubbs@dicellolevitt.com

*Plaintiffs' Interim Class Counsel*

/s/ *Ketan A. Patel*
Ketan A. Patel (Ga. Bar No. 121099)
**CORPUS LAW PATEL, LLC**
P.O. Box 724713
Atlanta, Georgia 31139
Telephone: 678-597-8020
kp@corpus-law.com

*Plaintiffs' Interim Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Ketan Patel*
Ketan Patel

**CERTIFICATE OF COMPLIANCE**

In compliance with Local Rule 7.1(D), I certify that this brief has been prepared pursuant to the requirements of Local Rule 5.1(C) and (D). Specifically, the text is double-spaced, the font is Times New Roman in 14-point size, and margins are one inch.

*/s/ Ketan Patel*
Ketan Patel