UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER SOWA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ GROUP AG, MERCEDES-BENZ USA, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-636-SEG |

**ORDER**

This matter is before the Court on Plaintiffs' motion for leave to amend the Consolidated Class Action Complaint ("CAC"). (Doc. 80.) After due consideration, the Court enters the following order.

## I. Background

The background of this case is discussed at length in the Court's order on Defendants' motions to dismiss. (*See* Doc. 70 at 1-10.) This case is a putative class action brought by owners of Mercedes vehicles, alleging that Mercedes concealed a serious defect in several of its vehicles. Plaintiffs filed suit on February 10, 2023. (Doc. 1.) On April 7, 2023, the Court granted Plaintiffs' motion to consolidate this case with five other, related cases in this court. (Doc. 18.) Soon after, on May 1, 2023, Plaintiffs filed the CAC, which aggregated the claims of the consolidated cases. (Doc. 25.) The CAC asserted

94 causes of action, 9 of which are brought on behalf of a nationwide class, and the rest of which are asserted by 17 state subclasses. (*Id.*) Defendants then moved to dismiss Plaintiffs' claims. (Doc. 28, 32.) On December 31, 2024, the Court granted in part and denied in part Defendants' motions to dismiss. (Doc. 70 at 117.) Within approximately five weeks, on February 7, 2025, Plaintiffs filed the instant motion for leave to amend the CAC. (Doc. 80.) This is Plaintiffs' first request for leave to amend the CAC. Defendants oppose the motion. (Doc. 83.)

## II. Legal Standard

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has stated that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. Inc. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a)[.]" (cleaned up)). Additionally, "where a more

carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). Under Rule 15(a), a district court need not give leave to amend: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (cleaned up).

## III. Discussion

Plaintiffs request leave to amend the CAC to add certain class representatives and causes of action. In their proposed First Amended Consolidated Class Action Complaint ("FAC"), Plaintiffs seek to add class representatives and associated claims from Florida, Massachusetts, Georgia, Ohio, and Indiana. (Doc. 80 at 1, 4-5; *see* FAC, Doc. 80-1.) Further, Plaintiffs seek to plead an additional claim for an existing plaintiff, Tenika Neil, and a putative California subclass under the California Consumer Legal Remedies Act ("CLRA"). (*Id.* at 1, 5.) Defendants oppose Plaintiffs' motion on the ground of undue delay. (Doc. 83 at 6-15.) In addition, Defendants contend that Plaintiffs' amendment of their Georgia implied warranty claim is futile for want of privity. (*Id.* at 10 n.1.)

**A. Undue Delay**

With respect to their undue delay argument, Defendants highlight the length of time that Plaintiffs have waited to file their motion to amend. For instance, Defendants point to Plaintiffs' statement in the joint preliminary report and discovery plan, filed July 11, 2023, that they "may submit a proposed amendment in connection with their opposition to the motion to dismiss." (Doc. 30 at 7.) Defendants also note that while their motions to dismiss were pending before the Court, Plaintiffs' counsel notified Defendants—beginning in November 2023—that they had been retained by additional plaintiffs who planned to join the action as putative class representatives. (Doc. 80 at 8; Doc. 83 at 8.) Defendants contend that because Plaintiffs knew of additional class representatives and associated claims as early as November 2023, they should have moved to amend the CAC earlier. (*See* Doc. 83 at 9 ("[A]mendment should have been sought no later than the fall of 2023, once plaintiffs were aware of the additional named plaintiff[s].").)

Although the Court agrees that Plaintiffs should have been more diligent in seeking amendment, a finding of undue delay requires more than "the mere passage of time[.]" *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014). "The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying

the plaintiffs the opportunity to amend their complaint." *Bryant*, 252 F.3d at 1164. When Plaintiffs filed the instant motion to amend, this case was still in its relatively early stages. No defendant had filed an answer, the parties had not begun engaging in discovery, and the Court had not yet entered a scheduling order. *See, e.g., Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*, No. CV421-346, 2023 WL 2603946, at *3 (S.D. Ga. Mar. 22, 2023) ("The Court cannot conclude that the Prospective Defendants would be prejudiced by their addition to this case, especially since fact discovery has not begun nor has the Court entered a Scheduling Order." (quotation omitted)); *cf. Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (finding undue delay where the "motions for leave to amend were filed more than one year after discovery had ended, after dispositive motions had been filed, and between five-and-six years after the lawsuits were begun"). The early stage of the proceedings weighs against a finding of undue delay.

Defendants also argue that Plaintiffs' failure to amend their complaint earlier has unnecessarily burdened the Court and Defendants. Per Defendants, if Plaintiffs had moved to amend before the Court issued its order resolving the motions to dismiss, Defendants "could have filed a single, joint motion to dismiss addressing all causes of action at once, allowing this Court to rule on a single set of papers." (Doc. 83 at 12.) Defendants contend that if

Plaintiffs are permitted to amend now, Defendants will have to file a second set of motions to dismiss the newly asserted claims, which will, in turn, require the Court to expend further resources resolving those motions. (*Id.* at 12-13.)

While the Court recognizes that Plaintiffs' amendments may cause some additional cost, "[u]ndue prejudice requires more than a likelihood of incurring additional expense and delay." *Julien v. Battle*, No. 1:17-CV-4045-MLB, 2021 WL 3076415, at *3 (N.D. Ga. Feb. 23, 2021); *see also Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1257 (11th Cir. 1998) ("Any amendment to an original pleading necessarily involves *some* additional expense to the opposing party."). Moreover, any potential additional expense will be mitigated by the fact that the FAC's newly asserted claims mirror those already contained in the CAC and stem from the same alleged underlying conduct. *See Martorella v. Deutsche Bank Nat'l Tr. Co.*, No. 12-80372-CIV, 2014 WL 12779556, at *2 (S.D. Fla. Sept. 18, 2014) (granting leave to amend where "[t]he claims of the proposed additional named plaintiffs arise out of the same conduct . . . identified in Ms. Martorella's original class action complaint and give rise to claims that are the same or virtually the same as those of Ms. Martorella."); *see also Wood v. Sec. Credit Servs., LLC*, 583 F. Supp. 3d 1137, 1141 (N.D. Ill. 2022) (permitting a plaintiff to add "class claims regarding the exact same conduct as he alleged in his original complaint").

The Court further considers that this case is a complex putative class action involving well over a dozen state subclasses, where Plaintiffs might be expected to add certain subclass representatives and claims during the early phases of the case. *Cf. China Agritech v. Michael H. Resh*, 584 U.S. 732, 740 (2018) ("Subclasses might be pleaded in one or more complaints and taken up if necessary; as class discovery proceeds and weaknesses in the class theory or adequacy of representation come to light, the lead complaint might be amended or a new plaintiff might intervene."); *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27, 42 (D.R.I. 2000) ("Refinement of subclasses is to be expected in complex litigation of this type, and this Court concludes that plaintiffs' counsel acted reasonably in investigating the suitability of the class representatives."). At least one court has suggested that "Eleventh Circuit precedent favors allowing new and proper class representatives to enter a case to ensure the putative class members' interests are protected." *Martorella*, 2014 WL 12779556, at *2 (citing *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985)).

Finally, while Plaintiffs should have moved to amend the CAC earlier, Plaintiffs' actions do not evidence any bad faith or the desire to delay proceedings to gain a tactical advantage. *See Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*, No. 20-CV-23251, 2020 WL 6334409, at *3 (S.D. Fla. Oct.

29, 2020) ("Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage."). To the contrary, Plaintiffs have been transparent about their desire to amend the CAC to add class representatives throughout this case. (*See, e.g.*, Doc. 58 at 1-4 (noting that Plaintiffs' counsel have been contacted by owners of vehicles "purchased in states not currently represented in the Consolidated Complaint" who "stand prepared to join the litigation as Plaintiffs and Proposed Class Representatives."); Doc. 74-2 (providing notice to Defendants' counsel, via email, that Plaintiffs intended to add a class representative following resolution of the pending motions to dismiss); Doc. 74-3 (same); Doc. 74-6 (same).) Though the Court does not endorse Plaintiffs' decision to wait for the resolution of the then-pending motions to dismiss to seek amendment, Plaintiffs' transparency in this regard belies any potential inference of bad faith.

In sum, the Court does not find undue delay—or resulting prejudice to Defendants—that would support denying leave to amend under the circumstances here.

**B. Futility**

Defendants suggest that several of Plaintiffs' proposed amendments may be futile, but they only identify one—the amendment to the Georgia implied

warranty claim. (Doc. 83 at 10 n.1.) Specifically, Defendants argue that the FAC fails to plead that the Georgia class representatives purchased their vehicles from authorized dealers and therefore cannot satisfy Georgia law's privity requirement for breach of implied warranty claims. (*Id.*) Indeed, in its order on Defendants' motion to dismiss, the Court applied Georgia law to dismiss certain breach of implied warranty claims for lack of privity. (Doc. 70 at 69-71.)

Although Defendants may ultimately prevail on this argument, the Court declines to rule on Plaintiffs' newly asserted Georgia implied warranty claim at this stage. As an initial matter, the Court does not consider Plaintiffs' amendments to be facially frivolous. *See United States ex rel. Crutcher v. First Guar. Mortg. Corp.*, No. 1:16-CV-3812-TWT, 2023 WL 4034197, at *4 (N.D. Ga. June 15, 2023) (granting leave to amend over futility objection where proposed amendments "d[id] not appear to be facially frivolous"); *see also* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022 update) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.").

Given the complexity of exceptions to the privity requirement under state law, moreover, the Court considers it prudent to make any determination about Plaintiffs' newly asserted Georgia implied warranty claim with the

benefit of briefing on a motion to dismiss. *See, e.g.*, *Rodriguez v. Imperial Brands PLC*, 2022 WL 2231431, at *6 (S.D. Fla. Mar. 9, 2022) ("Defendants' futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint."). Further, because Defendants may seek to dismiss other newly asserted claims in addition to Plaintiffs' Georgia implied warranty claim, the Court finds that addressing all of Defendants' arguments for dismissal together would promote judicial economy. "Of course, the granting of the motion to amend does not prevent Defendants from filing a motion to dismiss the complaint as amended." *Masis Staffing Sols., LLC v. Triangle Grp. Companies, Ltd. Liab. Co.*, No. 1:22-CV-2754-MHC, 2022 WL 20689591, at *4 (N.D. Ga. Dec. 9, 2022).

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to amend (Doc. 80) is **GRANTED**. The Clerk of Court is **DIRECTED** to docket Plaintiffs' proposed First Amended Consolidated Class Action Complaint (Doc. 80-1) as the operative complaint in this matter.

**SO ORDERED**, this 26th day of September, 2025.

SARAH E. GERAGHTY
United States District Judge