**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ALEXANDER SOWA, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG,<br><br>Defendants. | Case No. 1:23-cv-000636-SEG |

**DEFENDANTS MERCEDES-BENZ USA, LLC AND MERCEDES-BENZ GROUP AG'S MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................ 1

BACKGROUND ........................................................................................ 2

LEGAL STANDARD ................................................................................ 3

ARGUMENT ............................................................................................ 4

I. The Georgia Claims Should Be Dismissed. ............................................ 4

A. All Georgia Claims Fail Because Plaintiffs New and Clay Do Not Allege Facts Showing Their Vehicles Manifested Any Problems. ........................................................................ 4

B. The Georgia Breach of Implied Warranty Claim Fails for Lack of Privity. ........................................................................................ 6

II. The Florida Implied Warranty Claim Fails for Lack of Privity. ...................... 7

CONCLUSION ......................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amin v. MBUSA*,
349 F. Supp. 3d 1338 (N.D. Ga. 2018)....6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....3, 4

*McIntosh v. Samsung Elecs. Co., Ltd.*,
2021 WL 9595602 (N.D. Ga. Feb. 19, 2021)....4

*Barnes v. AstraZeneca Pharms. LP*,
253 F. Supp. 3d 1168 (N.D. Ga. 2017)....3

*Beeney v. FCA US LLC*,
2023 WL 6962116 (D. Del. Oct. 20, 2023)....4

*Helpling v. Rheem Mfg. Co.*,
2016 WL 1222264 (N.D. Ga. Mar. 23, 2016)....6

*Leon v. Cont'l AG*,
301 F. Supp. 3d 1203 (S.D. Fla. 2017)....8

*McCabe v. Daimler AG*,
948 F. Supp. 2d 1347 (N.D. Ga. 2013)....8

*Newbauer v. Carnival Corp.*,
26 F.4th 931 (11th Cir. 2022)....4

*Padilla v. Porsche Cars N. Am., Inc.*,
391 F. Supp. 3d 1108 (S.D. Fla. 2019)....8

*Shelor v. Jaguar Land Rover N. Am. LLC*,
2025 WL 1580834 (M.D. Fla. Jan. 31, 2025)....7

*Terrill v. Electrolux Home Prods., Inc.*,
753 F. Supp. 2d 1272 (S.D. Ga. 2010)....4

*Toca v. Tutco, LLC*,
430 F. Supp. 3d 1313 (S.D. Fla. 2020)....7

*Uzelac v. MBUSA*,
2020 WL 13577557 (E.D. Mich. Apr. 27, 2020) ........................................5

*Valiente v. Unilever United States, Inc.*,
2022 WL 18587887 (S.D. Fla. Dec. 8, 2022)........................................7

**Statutes**

Florida Deceptive and Unfair Trade Practices Act........................................3

Georgia Fair Business Practices Act........................................2, 3, 4

Georgia Uniform Deceptive Trade Practices Act........................................2, 3, 4

Magnuson-Moss Warranty Act........................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................3

Fed. R. Civ. P. 25(a)(1)........................................3

## INTRODUCTION

Despite clear guidance from this Court when ruling on Defendants Mercedes-Benz USA, LLC ("MBUSA") and Mercedes-Benz Group AG's ("MBG") Motion to Dismiss as to the Court's approach to privity and rationale as to the dismissed claims, plaintiffs filed an Amended Complaint without taking this guidance into account.

First, the Georgia plaintiffs' claims are fundamentally flawed because they fail to allege any cognizable injury or that anything ever went wrong with their vehicles. Plaintiffs must plead facts showing injury as a prerequisite for all claims under Georgia law, and their failure to do so requires dismissal. Additionally, this Court explicitly stated in its Order that privity is required for implied warranty claims under Georgia law unless the vehicle was purchased from an authorized dealer—which neither Georgia plaintiff's vehicle was. Plaintiffs' inclusion of a Georgia implied warranty claim does not comply with the Court's prior ruling and warrants dismissal.

Second, plaintiffs' implied warranty claim fails for lack of privity under Florida law. Florida district courts have generally required privity of contract to assert an implied warranty claim and do not recognize a third-party beneficiary exception to the privity requirement. Even if Florida district courts did recognize

such an exception, plaintiffs' conclusory allegations that they are the intended beneficiaries will not suffice under Florida law and should be dismissed.

For these reasons and as further detailed herein, MBG and MBUSA's narrowly tailored partial motion to dismiss the Amended Complaint should be granted in full.

## BACKGROUND

On December 31, 2024, this Court granted in part and denied in part defendants' motion to dismiss plaintiffs' Consolidated Class Action Complaint. Dkt. 70 ("Order"). The Court dismissed all breach of express warranty claims; the Magnuson-Moss Warranty Act claims; Georgia, Kentucky, Ohio, and Tennessee implied warranty claims; Georgia and Kentucky Statutory Consumer Protection claims; and all unjust enrichment claims. Order at 117. After obtaining leave to amend, plaintiffs filed a First Amended Consolidated Complaint on September 26, 2025. Dkt. 101 ("Amended Complaint" or "FAC").

The Amended Complaint adds seven new named plaintiffs, but only two states are newly represented by plaintiffs: Georgia and Indiana. Plaintiffs re-assert the dismissed Georgia claims, which were previously alleged on behalf of a nationwide class but are now brought on behalf of a Georgia sub-class, and include: breach of implied warranty, violation of the Georgia Fair Business Practices Act ("GFBPA"), and violation of the Georgia Uniform Deceptive Trade

Practices Act ("GUDTPA"). *See* FAC Counts 12–14. The Court dismissed the nationwide breach of implied warranty claim for lack of privity, while the GFBPA and GUDTPA claims were dismissed because no plaintiff suffered an injury in Georgia. Order at 35 n.20; *id.* at 36.

As for the state of Florida, plaintiffs added named plaintiff Harris to replace the deceased plaintiff Averbach. Through Harris, plaintiffs re-assert the dismissed Florida claims, including a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), breach of implied warranty, and fraudulent omissions. These counts were previously dismissed due to plaintiffs' counsel's failure to file a motion to substitute Mr. Averbach with another Florida plaintiff within 90 days of their filing of a certificate of service that Mr. Averbach's wife was served with a notice of suggestion of death. Order at 6 n.4 (citing Fed. R. Civ. P. 25(a)(1)).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Though the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff, "the Court need not accept as true Plaintiff's legal conclusions, including those couched as factual allegations." *Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1172 (N.D. Ga. 2017)

(quoting *Iqbal*, 556 U.S. at 678). Plaintiffs must "plead sufficient facts to support each element of [each] claim" in "order to survive [a defendant's] motion to dismiss." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022).

## ARGUMENT

### I. The Georgia Claims Should Be Dismissed.

#### A. All Georgia Claims Fail Because Plaintiffs New and Clay Do Not Allege Facts Showing Their Vehicles Manifested Any Problems.

The Georgia breach of implied warranty claim, GFBPA, and GUDTPA claims each fail because plaintiffs New and Clay have not alleged facts showing any cognizable injury or manifestation of the alleged defect. Manifestation of a defect is a necessary element of each claim asserted under Georgia law, requiring dismissal of these claims. *See Beeney v. FCA US LLC*, 2023 WL 6962116, at *6–7 (D. Del. Oct. 20, 2023) (dismissing plaintiff's claims under consumer protection statutes, including the GFBPA, because plaintiffs failed to establish that defendants' practices caused them a cognizable injury); *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1291–92 (S.D. Ga. 2010) (dismissing GUDTPA claims because plaintiffs did not allege a future injury); *McIntosh v. Samsung Elecs. Co., Ltd.*, 2021 WL 9595602, at *11 (N.D. Ga. Feb. 19, 2021) (a breach of implied warranty under Georgia law requires the "injury was caused by the defective goods").

New and Clay's allegations in the FAC are devoid of any facts showing alleged injury suffered or imminent irreparable harm. While other plaintiffs allege they were informed, following an inspection, that their rear subframes were "significantly" or "severely" corroded and would need replacement "soon" (*see, e.g.*, FAC ¶¶ 34, 68), such allegations are conspicuously absent as to New and Clay's vehicles. Neither plaintiff alleges that she experienced a malfunction with her vehicle, that performance issues arose related to her vehicle's rear subframe, or that her vehicle's rear subframe needs repair or replacement. *See id.* ¶¶ 50–63. Thus, the Georgia plaintiffs have not alleged they have suffered a harm that cannot be addressed by the Extended Warranty issued by MBUSA. *See Uzelac v. MBUSA*, 2020 WL 13577557, at *3 (E.D. Mich. Apr. 27, 2020) ("The majority of courts to address this question have found that a car owner does not have a viable products liability claim … when the alleged automotive defect does not manifest itself.") (collecting cases finding no implied warranty claim where plaintiffs failed to allege any manifest defect in any of their cars).

Counts 12 to 14 must be dismissed for failure to allege facts showing any concrete injury or manifestation of a defect, a necessary element for each of their asserted causes of action.

### B. The Georgia Breach of Implied Warranty Claim Fails for Lack of Privity.

The Court's Order affirms that Georgia law requires privity of contract for implied warranty claims. Order at 69; *see Amin v. MBUSA*, 349 F. Supp. 3d 1338, 1355 (N.D. Ga. 2018). While Georgia courts recognize an exception to privity where a consumer purchases a vehicle through a manufacturer-defendant's authorized dealer (*see* Order at 69), no such allegations exist here as to plaintiffs New and Clay. New purchased her 2018 C 300 from CarMax in February 2022 and Clay purchased her 2015 C 300 from Grand Motorcars Kennesaw in March 2022. FAC ¶¶ 51, 58. Because the plaintiffs allege they bought their vehicles from third-party retailers, not authorized Mercedes-Benz dealers, their claims must be dismissed for lack of privity. *Amin*, 349 F. Supp. 3d 1338 at 1355 ("[W]hen a buyer purchases a product from a retailer, and there is no privity of contract between the manufacturer and the buyer, no implied warranty runs from the manufacturer to the purchaser.") (citation omitted); *Helpling v. Rheem Mfg. Co.*, 2016 WL 1222264, at *5 (N.D. Ga. Mar. 23, 2016) (dismissing implied warranty claim where plaintiffs failed to allege that they purchased a product from defendant's authorized dealer).

The Court's Order applied this same rationale to Ohio plaintiffs Simpson and Laakso, who brought implied warranty claims in tort that were analyzed under Georgia common law. Simpson purchased his vehicle from a private party and Laakso purchased his vehicle from Logic Auto Sales—neither of which are

authorized Mercedes-Benz dealers. Accordingly, the Court held their implied warranty claims failed for lack of privity. *See* Order at 70. By this same rationale, the Court should dismiss New and Clay's Georgia implied warranty claims for failure to allege facts showing that they purchased their vehicles from authorized Mercedes-Benz dealers. *See id.*; Dkt. 100, Order Granting Motion for Leave to Amend, at 9 (noting that defendants "may ultimately prevail" in dismissing the Georgia privity claims pled in the FAC).

## II. The Florida Implied Warranty Claim Fails for Lack of Privity.

Harris's implied warranty claim must be dismissed because she does not allege facts showing that she purchased her car from either MBG or MBUSA. FAC ¶ 40 ("Ms. Harris owns a 2014 Mercedes-Benz SLK 350, which she purchased certified pre-owned from Mercedes-Benz of Orange Park in Jacksonville, Florida in 2017."). Florida district courts have generally required privity of contract to assert an implied warranty claim and have declined to recognize a third-party beneficiary exception to the privity requirement. *See Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1325–26 (S.D. Fla. 2020); *Shelor v. Jaguar Land Rover N. Am. LLC*, 2025 WL 1580834, at *28 (M.D. Fla. Jan. 31, 2025) (collecting cases); *Valiente v. Unilever United States, Inc.*, 2022 WL 18587887, at *14 (S.D. Fla. Dec. 8, 2022) ("The Court finds that under Florida law, there is no third-party

beneficiary exception to the privity requirement for breach of implied warranty claims.”).

Even if a third-party beneficiary exception were recognized under Florida law, Harris has not sufficiently pled facts showing that such an exception applies, as she merely relies on a conclusory allegation that she was the intended third-party beneficiary of the transaction. FAC ¶ 623; *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1224 (S.D. Fla. 2017) (“A claim for a breach of implied warranty under a third-party beneficiary theory, if it exists, does not arise from the conclusory assertion that Plaintiffs were ‘the intended third-party beneficiaries of contracts between Defendants and its dealers.’”) (citations omitted); *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1119 (S.D. Fla. 2019) (same). Harris's implied warranty claim should be dismissed. *See, e.g.*, *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1362 (N.D. Ga. 2013).

**CONCLUSION**

For the foregoing reasons, MBUSA and MBG respectfully request that the Court grant their partial motion to dismiss plaintiffs' Amended Complaint with prejudice.

Dated: October 10, 2025

Respectfully submitted,

/s/ *Troy M. Yoshino*
Troy M. Yoshino*
Daniel M. Blouin*
Shawn R. Obi*
**WINSTON & STRAWN LLP**
101 California Street, 21st Floor
San Francisco, CA 94111
Tel.: (415) 591-1000
TYoshino@winston.com
DBlouin@winston.com
SObi@winston.com
*admitted *pro hac vice*

/s/ *S. Wade Malone*
S. Wade Malone
Georgia Bar No. 468015
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th St. NW
Atlanta, Georgia 30363
Tel: 404-322-6000
Fax: 404-322-6050
wade.malone@nelsonmullins.com

***Counsel for Defendants Mercedes-Benz USA, LLC and Mercedes-Benz Group AG***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Troy M. Yoshino*
Troy M. Yoshino

## CERTIFICATE OF COMPLIANCE

The foregoing complies with Local Rule 5.1 and was prepared using a 14-point Times New Roman font.

*/s/ Troy M. Yoshino*
Troy M. Yoshino