UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER SOWA, et al.,<br>Plaintiffs,<br>v.<br>MERCEDES-BENZ GROUP AG, MERCEDES-BENZ USA, LLC,<br>Defendants. | CIVIL ACTION NO.<br>1:23-CV-636-SEG |

**ORDER**

This matter is before the Court on Defendant Mercedes-Benz Group AG's motion for the entry of Defendants' ESI protocol. (Doc. 97.) After careful consideration, the Court enters the following order.

## I. Background

This is a putative class action alleging that Defendants Merecedes-Benz USA, LLC and Mercedes-Benz Group AG ("MBG") concealed a serious defect in several of its vehicles. (Doc. 25.) Plaintiffs are Mercedes vehicle owners from 17 different states who contend that their Mercedes vehicles contain a defect that causes the rear subframe, and nearby parts, to prematurely rust or corrode to the point of failure. Plaintiffs allege that Defendant MBG designed and manufactured the vehicles. (*Id.* ¶¶ 277–78.) Defendant MBG is a German corporation with its principal place of business in Germany. (*Id.* ¶ 275.)

The Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' claims. (Doc. 70.) The Court permitted Plaintiffs to proceed on certain warranty claims, fraudulent omission claims, and statutory consumer protection claims. (*Id.* at 117.) Fact discovery opened on April 28, 2025. (Doc. 96.)

The parties disagree about how MBG should produce certain electronically stored information ("ESI"). The Court approved the parties' stipulated protective order on April 3, 2025. (Doc. 94.) Under the stipulated protective order, the parties "acknowledge[d] that the analysis and production of [information that is located in foreign jurisdictions] may require the parties to meet and confer regarding compliance with European data privacy and other foreign rules and regulations, including the potential redaction of information . . . ." (*Id.* at 7–8.) The parties intended for "the process and procedures for meeting and conferring about such redactions to be addressed by an ESI Order." (*Id.* at 8.) However, the parties were unable to agree on an ESI protocol.

Defendant MBG moves for the Court to enter its proposed ESI protocol. (Doc. 97.) Defendant MBG and Plaintiffs have each submitted a proposed "order for discovery of documents and electronically stored information." (Doc. 97-1, 98-2.) These two proposed orders are substantially the same, except for

three provisions. Defendant MBG's proposal (1) includes a definition for *foreign personal data*, (Doc. 97-1 at 5); (2) allows for the redaction of foreign personal data and "information that is objectively irrelevant" within documents that the parties disclose (*id.* at 15–16); and (3) exempts custodians or sources of information from identification "under applicable foreign data privacy laws" (*id.* at 17). In effect, MBG's proposal allows the parties to redact information from their discovery disclosures if the information is protected under foreign law or "objectively irrelevant." Plaintiffs oppose the above-described provisions of MBG's protocol. (*Compare* Doc. 97-1, *with* Doc. 98-2.)

## II. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). During discovery, parties are permitted to serve on any other party a request within the scope of Rule 26(b) for documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *see also Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676 (S.D. Ga. 2016) ("It remains true today both that claims and defenses

provide discovery's outer bounds and that the court is inclined to err in favor of discovery rather than against it.") (internal quotations omitted).

"It is well settled that [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544, n.29 (1987) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204–06 (1958)). "When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Id.* at 546. When faced with a conflict between foreign law and the Federal Rules of Civil Procedure, courts must balance the competing national interests. *See, e.g., In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, No. 19-21551-CIV, 2020 WL 14025674, at *2–3 (S.D. Fla. June 3, 2020) (applying multifactor international comity analysis to the defendants' request for protective order under European Union law (citing *Societe Nationale*, 482 U.S. at 544 n.29.))

A party seeking to apply foreign law to the discovery process "must demonstrate that a specific foreign law 'actually bars the production or testimony at issue.'" *EFG Bank AG v. AXA Equitable Life Ins. Co.*, No. 17-CV-

4767 (JMF), 2018 WL 1918627, at *1 (S.D.N.Y. Apr. 20, 2018) (quoting *Alfadda v. Fenn*, 149 F.R.D. 28, 34 (S.D.N.Y. 1993)); *see also Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, No. 96-358-CIV-T-17C, 1997 WL 370121, at *9–10 (M.D. Fla. June 12, 1997) (finding that the defendants failed to meet their burden to show Swiss law barred them from complying with discovery requests (citing *Alfadda*, 149 F.R.D. at 34)). "[T]he party resisting discovery must provide the Court with information of sufficient particularity and specificity to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law." *Alfadda*, 149 F.R.D. at 34; *see also Randall v. Offplan Millionaire AG*, No. 617CV2103ORL31TBS, 2019 WL 1003167, at *3 (M.D. Fla. Mar. 1, 2019) (quoting *EFG Bank AG*, 2018 WL 1918627, at *1).

## III. Discussion

Defendant MBG's proposal would allow the parties to redact two categories of information from documents that the parties disclose in discovery: (1) all personal information that it contends is protected under foreign law, including names and contact information for all MBG employees and custodians of information and (2) information that is "objectively irrelevant." The Court considers each of these two proposals in turn.

### A. Protection of Personal Information Under Foreign Law

At the outset, it is important to note the posture and scope of this dispute. MBG is not challenging any particular discovery request or seeking the protection of any specific information. Instead, before producing any discovery materials, MBG seeks the authority to redact the personal information of all European Union ("EU") citizens from the discovery materials it produces. The Court must determine whether EU law mandates MBG's proposal.

#### 1. The GDPR Does Not Mandate MBG's Proposed ESI Protocol

The parties dispute whether the EU General Data Protection Regulation ("GDPR") mandates MBG's proposed ESI protocol. Defendant MBG, a German company, argues that the GDPR restricts it from answering Plaintiffs' discovery requests with unredacted personal identifying information ("PII") of EU citizens, at least initially. (Doc. 97.) This would include the names and contact information of MBG employees. (*Id.* at 14–15.) On the other hand, Plaintiffs argue that the GDPR does not restrict MBG from disclosing the information that Plaintiffs request in discovery. (Doc. 98.) Plaintiffs maintain that none of their discovery requests require MBG to produce PII beyond the names and business contact information of relevant employees. (*Id.* at 21.)

The GDPR "lays down rules relating to the protection of natural persons with regard to the processing of personal data and rules relating to the free

movement of personal data." Council Regulation 2016/670, 2016 O.J. (L119) 1, art. 1(1). *Processing* includes "transmission, dissemination, or otherwise making available." *Id.* art. 4(2). *Personal data* includes "any information relating to an identified or identifiable natural person." *Id.* art. 4(1). Under the GDPR's principle of data minimization, "Personal data shall be adequate, relevant and limited to what is necessary in relation to the purposes for which they are processed." *Id.* art. 5(1)(c).

"Processing shall be lawful only if and to the extent that at least one" of six enumerated circumstances apply. *Id.* art. 6(1). Relevant here, processing shall be lawful if and to the extent that

> processing is necessary for the purposes of the legitimate interests pursued by the controller or by a third party, except where such interests are overridden by the interests or fundamental rights and freedoms of the data subject which require protection of personal data, in particular where the data subject is a child.

*Id.* art. 6(1)(f).[1] Further, GDPR Article 49, "Derogations for certain situations," limits the transfer of personal data to a third country to seven enumerated circumstances. One such derogation is if "the transfer is necessary for the establishment, exercise or [defense] of legal claims." *Id.* art. 49(1)(e). Violation

[1] Article 6(1)(c) provides for lawful processing if "processing is necessary for the compliance with a legal obligation to which the controller is subject." The parties do not address this provision in their briefing, so it is not considered in this order.

of the GDPR could result in legal liabilities. Article 82 provides for compensation for damages, and Article 83 provides for administrative fines.

To comply with the GDPR, MBG proposes a "layered approach" to discovery production. Under MBG's proposed procedures, it would produce discovery materials with all PII of European citizens redacted. MBG in other words seeks permission via its protocol to redact from responsive documents names and contact information of MBG employees, including but not limited to MBG "custodian[s]" of information. (Doc. 97-1 at 17.) Defendant MBG would reproduce the discovery materials without redactions only after Plaintiffs "have identified certain senders, recipients, and/or authors of key communications and documents, whose PII has become 'necessary' to the pursuit of their claims . . . ." (Doc. 97 at 11–12.)

Defendant MBG's argument relies heavily on the expert report of Dr. Jürgen Kühling. (Doc. 97-2.) Dr. Kühling prepared his report on behalf of MBG, which attached the report to the instant motion. Dr. Kühling maintains that the GDPR prohibits MBG from producing the names and contact information of its employees unless such a transfer of information is "necessary." (*Id.* ¶¶ 12–17.) According to Dr. Kühling, the principle of "necessity" under Article 49(1)(e) of the GDPR is a "very strict and narrow concept." (*Id.* ¶ 17.) Dr. Kühling opines that "[b]eing a party subject to

discovery in U.S. litigation itself does not meet the 'necessity' requirement . . . ." (*Id.* ¶ 19.) He further opines that "data supervisory authorities effectively require the parties to use a layered approach" for producing the names and contact information of their employees in pretrial discovery. (*Id.* ¶ 24.) He relies on the recommendation of the European Data Protection Board ("EDPB"), which provides

> In relation to litigation proceedings the [Article 29 Working Party], predecessor of the EDPB, has already set out a layered approach to the question of whether the personal data should be transferred, including the application of this principle. As a first step, there should be a careful assessment of whether anonymized data would be sufficient in the particular case. If this is not the case, then transfer of pseudonymized data could be considered. If it is necessary to send personal data to a third country, its relevance to the particular matter should be assessed before the transfer—so only a set of personal data that is actually necessary is transferred and disclosed.

(*Id.* ¶ 66) (quoting EDPB Guidelines 2/2018, at p. 12 *et seq.*).

Plaintiffs oppose MBG's proposal. Plaintiffs argue that the GDPR allows the production of personal data in response to discovery requests pursuant to Article 49(1)(e)'s "litigation exception." (Doc. 98 at 16–19.) They contend that the EDPB guidelines recommend, but do not require, a layered approach, and that the EDPB recommendations do not support MBG's proposed procedures. (*Id.* at 14–15.) Plaintiffs provided a declaration from their own expert in

European data privacy law, Professor Neil Richards, who disagrees with Dr. Kühling's opinions.

The Court finds that the plain text of the GDPR does not support the "strict and narrow" interpretation of "necessary" advanced by MBG's expert report. Articles 5, 6, and 49 of the GDPR, upon which Dr. Kühling relies (Doc. 97-2 ¶¶ 17, 19), do not define "necessary." MBG provides no authority aside from its expert report that requires its "strict and narrow" interpretation of "necessary." (*See, e.g.,* Doc. 97 at 6; *see also* Richards Decl., Doc. 98-1 ¶¶ 16–41.) The "GDPR and data protection supervisory authorities" cited by Dr. Kühling provide that pre-trial discovery "should take into account issues of proportionality, the relevance of the personal data to the litigation and the consequences of the data subject." (Doc. 97-2 ¶ 49.) Yet the Federal Rules of Civil Procedure account for these issues. Moreover, though MBG cites a GDPR enforcement tracker website that lists thousands of enforcement actions, it does not describe a single case in which a European tribunal adopted its proposed interpretation of the term "necessary" in the GDPR. *See* GDPR Enforcement Tracker, https://www.enforcementtracker.com (last visited October 22, 2025).

The Court finds no persuasive authority requiring the "layered approach" procedure that MBG proposes. In fact, MBG's approach is

inconsistent with relevant case law in that it would shift the burden to Plaintiffs to show why foreign law should *not* apply in this litigation. *Cf. In re Mercedes-Benz Emissions Litig.*, No. 16-CV-881 (KM) (ESK), 2020 WL 487288, at *6 (D.N.J. Jan. 30, 2020) (finding that the party relying on foreign law has the burden of showing such law bars production); *Randall*, 2019 WL 1003167, at *3 (endorsing the view that the party resisting discovery must provide a specific showing that the discovery sought is prohibited by foreign law).

The Court also notes that the layered approach described in Dr. Kühling's report relies on an EDPB recommendation, not binding law. Further, the EDPB's recommendation does not place the burden on the requesting party to review redacted materials at step one and then demonstrate the "strict" necessity of the obscured information at step two. Instead, the EDPB generally recommends that there should be an initial consideration of whether to obscure personal information, followed by a consideration of the data's relevance to the litigation. The Federal Rules, as applied to this case, are consistent with the EDPB's recommended approach. That is, the parties have considered the production of redacted data through their conferral about the ESI protocol. The parties will consider relevance when drafting their discovery requests, responses, and objections. The Court

finds nothing in the GDPR that requires MBG's proposed procedure, which would likely open the door to additional litigation, time, and expense.

In sum, Defendant MBG fails to show that the GDPR requires the disputed provisions of its proposed ESI protocol. A plain reading of the GDPR does not mandate a strict and narrow interpretation of "necessary" that supersedes the relevance and proportionality requirements of the Federal Rules of Civil Procedure. MBG fails to provide persuasive authority requiring its strict interpretation of "necessary" or the "layered approach" to discovery that it proposes. However, this Court's ruling does not restrict MBG from making specific objections to particular discovery requests or moving for a protective order under Federal Rule of Civil Procedure 26(c) and this Court's standing order. (*See* Doc. 8 § IV.)

**2. Considerations of International Comity Do Not Require MBG's Proposed ESI Protocol**

Even if discovery under the Federal Rules of Civil Procedure conflicts with the GDPR, the Court may, under appropriate circumstances, permit discovery of disputed information following an international comity analysis. *See Societe Nationale*, 482 U.S. at 544 n.29.[2] Assuming for argument's sake

[2] The Court need not reach the issue of comity unless there is a conflict between the Federal Rules and foreign law. *In re Farm-Raised Salmon*, 2020 WL 14025674, at *2 (citing *Yukos Cap. S.A.R.L. v. Oao Samaraneftegaz*, 592 F.

that the GDPR required MBG's proposed ESI protocol, the Court proceeds with a comity analysis under *Societe Nationale Industrielle Aerospatiale*.[3]

Courts have undertaken a comity analysis in relation to the GDPR in three similar cases, cited by Plaintiffs. In *In re Mercedes-Benz Emissions Litigation*, No. 16-CV-881 (KM) (ESK), 2020 WL 487288 (D.N.J. Jan. 30, 2020), the court considered whether the German defendants should be compelled to disclose the names, positions, titles, and professional contact information of employees and third parties identified in relevant discovery materials. The court in *Ponzio v. Mercedes*, No. 1:18-cv-12544-JHRMJ, Dkt. 88 at 56–60 (D.N.J. Sept. 14, 2020), considered the same issue. Finally, in *Gamboa v. Ford Motor Co.*, No. 18-10106, 2020 U.S. Dist. LEXIS 272376 (E.D. Mich. Dec. 2, 2020), the Court considered a German defendant's proposed protective order permitting it to redact the names and business emails of its employees in documents produced during discovery. Each court considered a "layered

---

App'x 28, 29 (2d Cir. 2015)). Here, the Court has found no conflict with the GDPR at this stage, as explained above, so MBG's requested ESI protocol is due for denial on that basis alone. The international comity analysis is an alternative basis for denying MBG's proposed ESI protocol.

[3] As there is no specific discovery request before the Court, the Court performs the comity analysis as to Plaintiffs' general request for relevant discovery documents containing names and business contact information for MBG employees.

approach" or similar procedure requiring the plaintiffs to challenge the defendants' redactions. In all three cases, the district court rejected such discovery restrictions after performing a comity analysis.

When performing a comity analysis, courts consider (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. *In re Farm-Raised Salmon*, 2020 WL 14025674, at *2–3 (quoting *Societe Nationale*, 482 U.S. at 544 n.28). "Balancing the national interests is the last factor to consider and is 'ordinarily the most important factor.'" *Id.* at *3 (quoting *In re Commodity Exch., Inc., Gold Futures and Options Trading Litig.*, No. 14-MD-2548, 2019 WL 1988525, at *5 (S.D.N.Y. May 6, 2019)) (alteration omitted).

The first two factors weigh against MBG's proposed ESI protocol. The Court has not been asked to make a ruling on any specific discovery request at this time. Primarily, the personal information at issue appears to be the names and professional contact information of MBG employees found in MBG's

business records, "in other words, the production of unredacted documents commonly produced in U.S. litigation." *In re Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *7. This Court agrees with the *In re Mercedes-Benz Emissions Litigation* court that Plaintiffs are entitled to such "basic identities of individuals" found in responsive records. In this case, like *In re Mercedes-Benz Emissions Litigation*, "the names, positions, titles, and professional contact information of *relevant* current or former employees of any Defendant or third party identified in *relevant* documents, data or information produced by discovery is by its very nature *directly relevant to* Plaintiffs' claims." *Id.* at *6 (emphasis added). Should Plaintiffs' discovery requests seek the disclosure of irrelevant, sensitive personal information, MBG can object to such disclosure, the parties can confer, and MBG can seek relief from the Court.

The third factor appears to weigh in favor of MBG. "[W]here the documents to be disclosed and people who will produce those documents are located in a foreign country, this factor weighs against compelling production." *AstraZeneca LP v. Breath Ltd.*, No. CIV. 08-1512 (RMB/AM), 2011 WL 1421800, at *13 (D.N.J. Mar. 31, 2011) (citing *In re Air Crash at Taipei*, 211 F.R.D. 374, 378 (C.D. Cal. 2002)); *see also In re Farm-Raised Salmon*, 2020 WL 14025674, at *3. Because the Court is not evaluating a specific request for production at this time, it is not certain whether Plaintiffs have requested

documents located in a foreign country. However, this is likely the case given MBG's principal place of business in Germany.

The fourth factor weighs against MBG's proposed ESI protocol. Defendant MBG has not identified any other source from which Plaintiffs can obtain the names and contact information of EU citizens who appear in relevant discovery materials. Defendant MBG's proposed "layered approach" protocol is more of an unnecessary extra step for Plaintiffs to secure the information from MBG than it is a viable alternative means. *See Ponzio*, No. 1:18-cv-12544-JHRMJ, Dkt. 88 at 59 ("Defendants' proposal to meet and confer over every document is unworkable, inefficient, and will inevitably lead to numerous unnecessary discovery disputes that will bog down the case."); *In re Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *7 (affirming ruling where "the Special Master rejected the Mercedes Defendants' 'layered approach' to production, which the Mercedes Defendants argue is a viable means of Plaintiffs obtaining the foreign personal data . . ."); *Gamboa,* 2020 U.S. Dist. LEXIS 272376, at *20 (finding that the German defendant's "proposed alternative [that] allows Plaintiffs to meet and confer to challenge any redactions that Bosch GmbH makes . . . is not feasible at the outset of discovery when so much information may be relevant to establishing a claim.").

The fifth factor also weighs against the entry of MBG's proposed ESI order in this case. While the EU undoubtedly has a strong, general interest in protecting its citizens' privacy, MBG has not shown that the EU has an interest in barring the transfer of employee names and business contact information in relevant and necessary pretrial discovery disclosures subject to a court-enforced protective order. In fact, "the GDPR recognizes the need for European companies to comply with foreign discovery requests." *Gamboa,* 2020 U.S. Dist. LEXIS 272376, at *21. On the other hand, "the United States undoubtedly has a substantial interest in fully and fairly adjudicating matters before its courts, which is only possible with complete discovery." *Consejo De Defensa Del Estado De La Republica De Chile v. Espirito Santo Bank*, No. 09-20613-CIV, 2010 WL 2162868, at *2 (S.D. Fla. May 26, 2010). It also has an important interest in protecting its citizen consumers from harmful products. *In re Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *8.

The Court finds that permitting MBG to preemptively redact personal information from the discovery materials it produces—particularly names and business contact information—would undermine the interests advanced by the Federal Rules of Civil Procedure and this Court's routine discovery process. Moreover, the EU's interests in protecting sensitive, irrelevant, or disproportionate personal data remain protected under Plaintiffs' proposed

ESI order. The Court has entered a stipulated protective order to protect confidentiality, and MBG may raise objections to improper discovery requests.[4] In sum, four of the five international comity factors, including the most important fifth factor, weigh against the preemptive redactions and restrictions that MBG argues are required by GDPR. Thus, even if the GDPR mandated an ESI protocol like the one MBG proposes—a ruling the Court does not make—the Court finds that, pursuant to an international comity analysis as set forth in *Societe Nationale Industrielle Aerospatiale*, discovery should proceed without MBG's proposed protocol.

**B. Relevance Redactions Request**

Defendant MBG's proposed ESI protocol provides for the redaction of "information that is objectively irrelevant" within documents that the parties disclose. (Doc. 97-1 at 15–16.) MBG requests that the Court enter its proposed protocol to "allow the narrowed and tailored use of redactions for irrelevant commercially sensitive information produced in discovery." (Doc. 97 at 21.)

[4] MBG raises the prospect of sanctions (Doc. 97 at 17–19), but it does not point to any instance of a European company being sanctioned for disclosing employee names in U.S. litigation. Additionally, the Court underscores that the limited question before it is which ESI protocol the Court should adopt. MBG can raise its sanctions concern in response to particular discovery requests if needed.

Plaintiffs oppose MBG's request to redact information for relevance and sensitive information. (Doc. 98 at 27–30.) Plaintiffs argue that such redactions are not generally allowed, especially where, as here, the parties have agreed to a protective order. They further contend that MBG has not provided a good reason to unilaterally redact the documents it produces in discovery.

Plaintiffs have the better argument. The Federal Rules of Civil Procedure generally do not provide a procedural mechanism for unilateral relevance redaction by a party. Many courts, moreover, are skeptical of requests to preemptively grant a party unilateral authority to make relevance redactions to documents produced in discovery. *See, e.g., In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2019 WL 5787747, at *3 (N.D. Fla. Nov. 6, 2019) ("Relevance-based redactions are heavily disfavored . . . ."); *ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-CV-61274, 2017 WL 7794226, at *1–2 (S.D. Fla. Dec. 15, 2017) (observing that it is a rare document that contains only relevant information and declining to permit unilateral redaction of purportedly irrelevant information); *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, No. 2:12-MN-00001, 2013 WL 268206 (D.S.C. Jan. 24, 2013) (stating that outside of the circumstances presented by Federal Rule 5.2, "a party should not take it upon him, her or itself to decide unilaterally what

context is necessary for the non-redacted part disclosed, and what might be useless to the case.") (internal citations omitted).

Defendant MBG for its part cites district court cases from other jurisdictions that, as Plaintiffs point out, allowed redactions of documents under different circumstances. The Court agrees with Plaintiffs and the reasoning found in cases like *LSM Technologies PTY LTD v. Sy-Klone Co., LLC*, No. 3:22-CV-1019-BJD-MCR, 2023 WL 5934538 (M.D. Fla. Aug. 17, 2023), and *Bonnell v. Carnival Corp.*, No. 13-22265-CIV, 2014 WL 10979823 (S.D. Fla. Jan. 31, 2014). In a persuasive order, the *LSM* court explained that the kind of preemptive redactions MBG requests generally undermine the aims of the discovery process. 2023 WL 5934538, at *5–6. The *Bonnell* court highlighted the practical difficulties caused by unilateral relevance redactions. 2014 WL 10979823, at *3.

Here, while MBG contends in briefing that its redactions will be "narrowly and sparingly applied," (Doc. 97 at 20), its proposed protocol is not so limited. MBG's proposed redaction of documents containing "objectively irrelevant" information would likely open the door to more discovery dispute litigation and time-consuming requests for *in camera* review.

Defendant, moreover, has failed to show a need for its prophylactic redaction request. While it lists certain kinds of documents that might contain

nonresponsive information (*e.g.*, Excel files that could include irrelevant columns or rows), the Court has no specific request before it. Without any specific request at hand, the Court cannot make a reasoned judgment about the appropriateness of the requested redactions.

The Court further considers that the parties generally can protect confidential information under the stipulated protective order. MBG has not shown that the protective order, which contains an "attorneys' eyes only" provision, is insufficient to protect its interests. *See ADP, LLC*, 2017 WL 7794226, at *2 ("Ultimate makes no showing that the Attorneys' Eyes Only designation is inadequate to protect the sensitive information."); *In re MI Windows & Doors,* 2013 WL 268206, at *3 ("[T]he concerns upon which [defendant] bases its need to redact are alleviated by the confidentiality order that is already in place."). On the present record, the Court finds no reason to permit an approach in which MBG is preemptively authorized to redact unspecified information from unspecified documents it discloses in discovery contrary to the general rule.[5]

---

[5] The Court again emphasizes that it has no specific discovery request before it at this juncture. Nothing in this order prohibits MBG from raising document-specific relevance objections. MBG may file an appropriate motion or otherwise approach the Court if it has a particular concern as to relevance or the disclosure of proprietary information that it believes is not sufficiently addressed by the stipulated protective order and/or ESI protocol.

**C. Plaintiffs' Motion to Compel**

Plaintiffs, in their response to MBG's motion for entry of its ESI protocol, request an order compelling MBG to "supplement its initial disclosures to provide the names and contact information of all relevant custodians forthwith." (Doc. 98 at 31.) Plaintiffs state that "MBG has withheld the names and contact information of its custodians in its Rule 26(a) disclosures pending the outcome of this dispute." (*Id.* at 11.)

First, Plaintiffs' motion is procedurally improper. Parties cannot generally bring a motion within a response brief. *Green v. Rushmore Loan Mgmt. Servs., LLC*, No. 1:22-CV-04218-SDG, 2023 WL 5350783, at *4 (N.D. Ga. Aug. 21, 2023) (citing Fed. R. Civ. P. 7(b)). Plaintiffs have also failed to bring their motion with the specificity required by the Local Rules. *See* Local R. 37, NDGa. Plaintiffs' motion to compel contains insufficient detail for the Court to grant them relief.

Further, Plaintiffs have not provided a sufficient legal basis for their motion. Parties are required to disclose the names and contact information of witnesses "that *the disclosing party* may use to support its claims or defenses" in their initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Parties are also required to disclose "a copy—or a description by category and location—of all documents, [ESI], or tangible things the disclosing party may

use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii) "A party is [not] obligated to disclose witnesses or documents . . . that it does not intend to use." Fed. R. Civ. P. 26(a)(1) advisory committee note to the 2000 amendment. Plaintiffs have not explained why MBG would be required to identify any custodians in its initial disclosures. Plaintiffs' request for relief is therefore denied.

## IV. Conclusion

The Court **DENIES** Defendant Mercedes-Benz Group AG's motion for the entry of Defendants' ESI protocol. (Doc. 97.) The Court **APPROVES** Plaintiffs' proposed order for discovery of documents and electronically stored information. (Doc. 98-2.) Plaintiffs are **DIRECTED** to email a Word version of their proposed order to the Courtroom Deputy Clerk at stephanie_pittman@gand.uscourts.gov within **7 days of this order** for signature and entry on the docket.

**SO ORDERED** this 3rd day of November, 2025.

SARAH E. GERAGHTY
United States District Judge