**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ALEXANDER SOWA, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG,<br><br>Defendants. | Case No. 1:23-cv-000636-SEG |

**DEFENDANTS MERCEDES-BENZ USA, LLC AND MERCEDES-BENZ GROUP AG'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

**Page**


INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................. 1

I. Plaintiffs Misinterpret the Motion in a Flawed Attempt to Save Their Inadequately Pled Georgia Claims. ............................................ 1

II. The Georgia Plaintiffs Cannot Obtain Injunctive Relief....................... 5

III. Plaintiffs Have Not Adequately Pled an Exception to Privity Under Florida's Implied Warranty Law............................................... 8

IV. Plaintiffs Cannot Circumvent This Court's Order on Georgia Privity Law by Adding a New Plaintiff Through Briefing. ................ 11

CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....3, 4

*Bauser v. Porsche Cars N.A., Inc.*,
2024 WL 2406884 (N.D. Ga. Mar. 25, 2024)....6, 7, 13

*Beeney v. FCA US LLC*,
2023 WL 6962116 (D. Del. Oct. 20, 2023)....2

*Brooks v. Westlake Portfolio Mgmt.*,
2025 LEXIS 120587 (N.D. Ga. June 12, 2025)....3

*Carruthers v. BSA Advert., Inc.*,
357 F.3d 1213 (11th Cir. 2004)....13

*Droesser v. Ford Motor Co.*,
2023 WL 2746792 (E.D. Mich. Mar. 31, 2023)....10

*In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*,
406 F. Supp. 3d 618 (E.D. Mich. 2019)....6

*Helpling v. Rheem Mfg. Co.*,
2016 WL 1222264 (N.D. Ga. Mar. 23, 2016)....6

*Jaramillo v. Taurus Int'l Mfg., Inc.*,
2024 WL 5305081 (M.D. Ga. Sep. 27, 2024)....8

*Lamb v. Cookware Co. (USA), LLC*,
2020 WL 3179682 (S.D.N.Y. June 15, 2020)....10

*Ludwig v. FCA US LLC*,
2025 WL 2400033 (D.N.J. Aug. 19, 2025)....9

*McCabe v. Daimler AG*,
160 F. Supp. 3d 1337 (N.D. Ga. 2015)....9

*McKally v. Perez*,
87 F. Supp. 3d 1310 (S.D. Fla. 2015)....12

*Moore-Davis Motors v. Joyner*,
252 Ga. App. 617 (2001) ....................................................................................5

*Nalley v. Gen. Motors LLC*,
2022 U.S. Dist. LEXIS 236834 (N.D. Ga. Aug. 30, 2022) .................................4

*O'Connor v. Ford Motor Co.*,
567 F. Supp. 3d 915 (N.D. Ill. 2021)..............................................................10

*Ollivierre v. Aspen Square Mgmt., Inc.*,
2024 WL 1560148 (N.D. Ga. Mar. 5, 2024) .......................................................1

*Peguero v. Toyota Motor Sales*,
2021 WL 4894299 (C.D. Cal. Aug. 27, 2021) ...................................................10

*Rollolazo v. BMW of N. Am., LLC*,
2017 WL 1536456 (C.D. Cal. Feb. 3, 2017) ......................................................10

*Rose v. Ferrari N. Am., Inc.*,
2024 WL 1209185 (D.N.J. Mar. 20, 2024) ......................................................5, 6

*Sanchez-Knutson v. Ford Motor Co.*,
52 F. Supp. 3d 1223 (S.D. Fla. 2014)..........................................................9, 10

*Shelor v. Jaguar Land Rover N.A. LLC*,
2025 WL 1580834 (M.D. Fla. Jan. 31, 2025) .........................................9, 10, 11

*Terrill v. Electrolux Home Prods., Inc.*,
753 F. Supp. 2d 1272 (S.D. Ga. 2010) ..............................................................3

*Toca v. Tutco, LLC*,
430 F. Supp. 3d 1313 (S.D. Fla. 2020)............................................................11

*Tolston v. City of Atlanta, Ga.*,
723 F. Supp. 3d 1263 (N.D. Ga. 2024)............................................................12

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)..........................................................................................2

*Valiente v. Unilever U.S., Inc.*,
2022 WL 18587887 (S.D. Fla. Dec. 8, 2022)......................................................8

*Villanueva v. Am. Honda Motor Co.*,
2019 WL 8112467 (C.D. Cal. Oct. 10, 2019) ....................................................6

*Weiss v. General Motors LLC*,
418 F. Supp. 3d 1173 (S.D. Fla. 2019)........................................................8, 10

**Statutes**

Georgia Fair Business Practices Act..........................................................2, 4, 5, 8

Georgia Uniform Deceptive Trade Practices Act.............................................2, 5, 8

**Other Authorities**

Fed. R. Civ. P. 15(a)(2).....................................................................................12

U.S. Const. art. III ...............................................................................................2

## INTRODUCTION

Plaintiffs' Opposition to defendants' motion to dismiss ("Opposition") fails to salvage their inadequately pled claims under Georgia and Florida law. Rather than address the core deficiencies identified in Defendants' Motion to Dismiss, plaintiffs mischaracterize the arguments presented and rely on conclusory assertions and speculative injuries that do not satisfy the requirements for pleading a cognizable claim. As set forth below, plaintiffs have not alleged any actual manifestation of a defect, concrete harm, or out-of-pocket loss necessary to support their Georgia law claims. With respect to the Florida implied warranty claim, plaintiffs' reliance on a third-party beneficiary exception is inapplicable under Florida law. Finally, plaintiffs' improper amendment through briefing further underscores the lack of merit in their claims. For these reasons, and as detailed herein, Defendants' Motion to Dismiss should be granted in full.

## ARGUMENT

### I. Plaintiffs Misinterpret the Motion in a Flawed Attempt to Save Their Inadequately Pled Georgia Claims.

Plaintiffs' brief displays a clear misunderstanding of defendants' Motion to Dismiss ("Motion"). Defendants do not raise any standing arguments. Mot. at 4–5. They assert that plaintiffs have not adequately pled any "cognizable injury," which is a required element of each claim asserted under Georgia law. *See* Dkt. 104 ("Opp.") at 6 (citing *Ollivierre v. Aspen Square Mgmt., Inc.*, 2024 WL 1560148, at

*7 (N.D. Ga. Mar. 5, 2024), to show Georgia Fair Business Practices Act ("GFBPA") claims require cognizable injury as an element). Plaintiffs' attempt to recast the Motion as a motion for reconsideration (*see* Opp. at 5) is a red herring to paper over flaws in their Amended Complaint.

That the Georgia plaintiffs have alleged injury in fact for Article III standing says nothing about whether they have pled the type of cognizable injury required to assert claims under Georgia law. An allegation that clears the minimal threshold for standing does not necessarily establish the concrete, realized harm required to state Georgia claims. As the Supreme Court has made plain, an "injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Plaintiffs ignore this divide, but they cannot litigate around it.

The Amended Complaint lacks facts showing any actual defect manifestation, malfunction, diminished performance, out-of-pocket repair, or other concrete harm to plaintiffs New or Clay. *See* Dkt. 101 ("FAC") ¶¶ 50–63. There is no allegation that New or Clay's vehicles failed, malfunctioned, or required repair or replacement. *See id*. Georgia law is clear: claims for breach of implied warranty and claims under the Georgia Fair Business Practices Act ("GFBPA") and the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA") require more than speculative risk or abstract concern; they require a concrete injury. *See, e.g.*, *Beeney v. FCA US LLC*, 2023 WL 6962116, at *6–7 (D. Del. Oct. 20, 2023)

(applying Georgia law); *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1291–92 (S.D. Ga. 2010).

Here, an allegation of excessive corrosion (rising to the level of injury) in the vehicles' rear subframe must be pled. But the Opposition cites no observation, no repair, or any other facts showing any amount of corrosion, let alone corrosion rising to the level of injury. *See* Opp. at 6–9. The Opposition merely alleges an asserted risk divorced from real-world impact. Plaintiffs do not—and cannot—point to any factual allegations that nudge their claims across the line from possible to plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Again, neither plaintiff has alleged corrosion of their rear subframe (or any other part) through an actual defect manifestation, malfunction, repair, or other event or observation because it would not be true to their experience. FAC ¶¶ 15–63. Thus, they fail to state a claim.[1] *See Brooks v. Westlake Portfolio Mgmt.*, 2025 LEXIS 120587, at *8 (N.D. Ga. June 12, 2025) ("The Complaint also fails to specify how defendant

---

[1] Plaintiffs' argument that "[t]he Court already held that Plaintiffs' fraudulent omission claim under Georgia law is viable on behalf of *all* Plaintiffs, including those who have not yet experienced failure due to the Defect," is an overstatement. Opp. at 6. This Court did not explicitly address a named plaintiff who did not allege even a minor inconvenience, let alone the manifestation of the alleged corrosion defect, in its Order. This is because only plaintiffs Clay and New uniquely lack these specific allegations. In contrast, the other named plaintiffs each specifically argued visible corrosion on their respective vehicles' rear subframes.

caused any injury to her. Therefore, plaintiff's GFBPA claim should be dismissed.").

Plaintiffs' argument that they have pled injury under the GFBPA through overpayment of their vehicles fares no better. Opp. at 6–9. As has been exhaustively pointed out, plaintiffs New and Clay got exactly what they paid for—vehicles purchased in 2022 that have served their ordinary purpose of providing transportation without any alleged issue. Plaintiffs point to nothing other than a boilerplate conclusory assertion (included verbatim in every named plaintiffs' factual allegations in the Amended Complaint) that they "would not have bought her Class Vehicle, or would have paid less for it." FAC ¶¶ 54, 62. Plaintiffs rely on *Nalley v. General Motors, LLC* in making this argument; however, the plaintiffs in *Nalley* went a step further than plaintiffs New and Clay's conclusory assertions. The *Nalley* plaintiffs alleged that they undertook significant research prior to purchasing their vehicles, allegations that plaintiffs New and Clay did not make. *See Nalley v. Gen. Motors LLC*, 2022 U.S. Dist. LEXIS 236834, at *15 (N.D. Ga. Aug. 30, 2022). Again, plaintiffs New and Clay's "injuries" are nonexistent and speculative at best, and this Court need not accept plaintiffs' mere conclusory and boilerplate assertions. *See Ashcroft*, 556 U.S. at 664. And while plaintiffs point to this Court's acceptance of overpayment allegations to plead justifiable reliance on the alleged fraudulent omissions (Opp. at 9), the issue of whether this allegation

suffices to establish the essential element of injury under the GFBPA is entirely separate.

Because plaintiffs have not provided factual allegations of any manifestation of a defect or any ensuing, concrete injury, their claims are fatally deficient. Georgia law demands factual allegations of cognizable injury and damages. *See Moore-Davis Motors v. Joyner*, 252 Ga. App. 617, 619 (2001) ("Joyner cannot rely on a naked claim for nominal or general damages to sustain his cause of action. We have consistently held that in accordance with the statutory requirements of the FBPA, the measure of damages to be applied for an FBPA violation is that of 'actual injury suffered.'"). Plaintiffs offer no such allegations. The Court should therefore dismiss Counts 12 through 14 for failure to allege facts showing the type of injury required to assert each cause of action.

## II. The Georgia Plaintiffs Cannot Obtain Injunctive Relief.

Plaintiffs New and Clay have not pled they are entitled to injunctive relief under the GFBPA or the GUDTPA because their claims of future injury are purely speculative. The cases plaintiffs cite do not mitigate the speculative nature of these plaintiffs' claims. In *Rose v. Ferrari N.A., Inc.*, the court found that plaintiffs sufficiently pled injunctive relief because there was no adequate remedy for the brake failure that plaintiffs experienced and, similarly, in *General Motors Air Conditioning*, the court held that even with repairs to the air conditioner defect,

there was still a risk the defect could re-occur. Opp. at 10 (citing *Rose v. Ferrari N. Am., Inc*., 2024 WL 1209185, at *7 (D.N.J. Mar. 20, 2024); *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig*., 406 F. Supp. 3d 618, 645 (E.D. Mich. 2019)). Here, plaintiffs have not alleged that they have experienced any issues with their vehicles or that they sought any repairs that did not properly address the defect. *See* FAC ¶¶ 50–63. Thus, no likelihood of future injury has been pled. *Bauser v. Porsche Cars N.A., Inc.*, 2024 WL 2406884, at *19 (N.D. Ga. Mar. 25, 2024) (dismissing claims for injunctive relief where "[p]laintiff has not actually experienced the issue of the [alleged defect]").

Plaintiffs argue that injunctive relief is required because the Limited Subframe Warranty "fails to cure" the alleged defect, by failing to "provide adequate notice of the defect to consumers," among other things. Opp. at 9. But the Georgia plaintiffs have had notice of the claimed defect via the issuance of the Limited Subframe Warranty and the filing of plaintiffs' initial complaint, both in February 2023—2.5 years before they joined this case through the Amended Complaint on September 26, 2025. *See Helpling v. Rheem Mfg. Co.*, 2016 WL 1222264, at *16 (N.D. Ga. Mar. 23, 2016) ("Even if Plaintiffs alleged some future harm, [defendant]'s misrepresentations or omissions would not have caused those future harms to [plaintiff] or any class member."); *Villanueva v. Am. Honda Motor Co.*, 2019 WL 8112467, at *13 (C.D. Cal. Oct. 10, 2019) ("To the extent that

Plaintiffs are seeking an order disclosing the existence of a defect, it is not clear why such a relief would help them avoid future harm; Plaintiffs have already bought their vehicles and they are aware of the alleged defect with the braking system.").

Nor have plaintiffs pled they would suffer harm absent an injunction ordering "inspections." Opp. at 9. Plaintiffs were informed in documents accompanying their vehicles that the vehicles should undergo routine maintenance, which would (among other things) identify and repair corrosion of the rear subframe; nothing is preventing plaintiffs from doing so. Finally, as to the argument that an injunction is needed to cover repair costs for "surrounding components," *id.*, plaintiffs have not alleged that any part of their vehicles experienced any amount of corrosion whatsoever. The relief requested is the epitome of speculation. *See Bauser*, 2024 WL 2406884, at *19 (dismissing injunctive relief claims where the hypothetical availability of a future repair was too speculative).

Even assuming, *arguendo*, that the subframes of plaintiffs' vehicles manifest the alleged defect in the future, plaintiffs New and Clay have notice of the alleged defect—allowing them to mitigate any risk of harm through routine inspections and maintenance before the corrosion reaches a critical level, and even if corrosion arises to the level of perforation, they have a remedy available to them through the Limited Subframe Warranty. Because plaintiffs have not pled they would suffer

harm absent injunctive relief, the GFBPA and GUDTPA claims should be dismissed. *Jaramillo v. Taurus Int'l Mfg., Inc.*, 2024 WL 5305081, at *5 (M.D. Ga. Sept. 27, 2024) (dismissing GUDTPA claim where plaintiff did not allege he would be damaged in the future, and "[e]ven assuming that such a harm 'will likely occur in the future,' it would be 'the result of a previous alleged deceptive trade practice' as Plaintiff has already purchased the [product].").

## III. Plaintiffs Have Not Adequately Pled an Exception to Privity Under Florida's Implied Warranty Law.

Despite the split among Florida courts as to whether a third-party beneficiary exception to implied warranty exists, it is a correct application of Florida law to find that, even if the exception exists, plaintiffs here have not adequately pled they fall within the exception.

To begin, plaintiffs concede that cases such as *Valiente* explicitly state that there is no third-party beneficiary exception in Florida, and plaintiffs' argument that *Valiente* should not be applied to motor vehicles is unpersuasive. *See* Opp. at 14 n.5 (citing *Valiente v. Unilever U.S., Inc.*, 2022 WL 18587887 (S.D. Fla. Dec. 8, 2022)); Dkt. 102 ("Mot.") at 7–8. *Valiente* reached its conclusion that there is no third-party beneficiary exception to Florida's implied warranty law by analyzing several vehicle cases, including *Weiss v. General Motors LLC*, 418 F. Supp. 3d 1173 (S.D. Fla. 2019), a case plaintiffs rely on. *See Valiente*, 2022 WL 18587887, at *13–14.

But if there is a third-party beneficiary exception to implied warranty, plaintiffs have not adequately pled they fall within this exception.[2] *Shelor* is instructive. There, the court found that despite the plaintiffs having purchased their vehicles from authorized Jaguar and Land Rover dealers and arguing that they were in privity with Jaguar through a third-party beneficiary exception, the exception did not apply because "[t]he pleading includes no allegations to support that the implied warranty extended to a third-party beneficiary." *Shelor v. Jaguar Land Rover N.A. LLC*, 2025 WL 1580834, at *28 (M.D. Fla. Jan. 31, 2025). The *Shelor* plaintiffs "repeatedly allege[d] that they are third-party beneficiaries…but the term also is a legal conclusion." *Id*. That is also the case here.

Plaintiffs' attempt to downplay cases like *Shelor* as taking a "narrow view of the exception," *see* Opp. at 14 n.6, falls flat because the court there explicitly considered *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1233–34 (S.D. Fla. 2014), a key case plaintiffs cite to support their third-party beneficiary

---

[2] Plaintiffs state in a conclusory manner that "Plaintiff Harris purchased her vehicle from an authorized dealer who was an agent of the manufacturer," and rely on *Ludwig v. FCA US LLC* for the proposition that authorized dealers are agents of the manufacturers. Opp. at 12 (citing *Ludwig v. FCA US LLC*, 2025 WL 2400033, at *12 (D.N.J. Aug. 19, 2025). Defendants disagree—authorized dealers are independent third parties. The FAC inadequately pleads facts showing a contractual agency relationship exists or that MBUSA otherwise held out dealers as its agents. This Court has rejected the notion that dealers are agents of MBUSA. *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1352 (N.D. Ga. 2015).

argument. In doing so, *Shelor* found "[t]he same federal court that decided *Sanchez-Knutson* and other federal courts have declined to follow *Sanchez-Knutson* as contrary to Florida law or how the Florida Supreme Court would decide the issue." 2025 WL 1580834, at *28. Indeed, *Sanchez-Knutson* has been heavily distinguished by courts as contrary to Florida law.[3] *See Droesser v. Ford Motor Co.*, 2023 WL 2746792, at *15 (E.D. Mich. Mar. 31, 2023) ("[T]he district court declined to follow *Sanchez-Knutson* as inconsistent with both 'its own prior rulings' and the 'overwhelming weight of Florida authority.'); *Peguero v. Toyota Motor Sales*, 2021 WL 4894299, at *5 (C.D. Cal. Aug. 27, 2021) ("[T]he Court concludes the weight of the authority shows Florida does not recognize a third-party beneficiary exception under the circumstances alleged here.").

Moreover, plaintiffs' request that this Court disengage with Florida law and simply reapply its privity analysis under New York law is misguided. *See* Opp. at 13. Even New York courts analyzing Florida law have declined to use the third-party beneficiary exception to find privity under Florida law. *See Lamb v. Cookware Co. (USA), LLC*, 2020 WL 3179682, at *2–3 (S.D.N.Y. June 15, 2020)

---

[3] Several of the cases plaintiffs cite rely at least in part on *Sanchez-Knutson*, weakening their authority. *See* Opp. at 12–13 (citing *Weiss v. Gen. Motors LLC*, 418 F. Supp. 3d 1173, 1183 (S.D. Fla. 2019); *Rollolazo v. BMW of N. Am., LLC*, 2017 WL 1536456, at *14 (C.D. Cal. Feb. 3, 2017); *O'Connor v. Ford Motor Co.*, 567 F. Supp. 3d 915, 943 (N.D. Ill. 2021)).

(declining to apply exception because "most courts have not accepted the third-party beneficiary exception under Florida law").

At bottom, plaintiffs only rely upon conclusory allegations couched as facts, which this Court is not required to accept as true. Thus, even if the Court finds that there is a third-party beneficiary exception, it should follow the line of courts that decline to find that the exception applies. *See Shelor*, 2025 WL 1580834, at *28; *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1326 (S.D. Fla. 2020) ("The Court cannot find any allegations in the Amended Complaint that would satisfy this exception even on its own, independent review of the pleading."). Count 10 should be dismissed.

## IV. Plaintiffs Cannot Circumvent This Court's Order on Georgia Privity Law by Adding a New Plaintiff Through Briefing.

Plaintiffs admit that, Count 12, their Georgia implied warranty claim, fails for lack of privity under the Court's Motion to Dismiss Order ("Order"). Dkt. 70 at 70–71; *see* Opp. at 1 ("Plaintiffs acknowledge their breach of implied warranty claim under Georgia law fails under the Court's MTD Order."); *id*. at 15 ("Plaintiffs acknowledge that … under the Court's MTD Order [they] lack privity with Mercedes for a Georgia breach of implied warranty claim."). But rather than voluntarily dismiss Count 12, plaintiffs attached a proposed Second Amended Consolidated Class Action Complaint in disregard for the Federal Rules and this Court's Scheduling Order regarding seeking amendment. *See* Opp. at Ex. A.

It is black-letter law that "a complaint may not be amended by briefs in opposition to a motion to dismiss." *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015). To amend the FAC, plaintiffs must have either "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs had neither when they filed their Opposition. Without citation to any case law, rule, or other authority, plaintiffs rest on a single sentence in the Opposition to award them a **fifth** bite at the apple through a Second Amended Consolidated Complaint. Opp. at 15; *see* Dkts. 01 (Complaint), 10 (Amended Complaint), 25 (Consolidated Amended Complaint), 101 (First Amended Consolidated Complaint).

Such a request cannot be justified. Plaintiffs' lack of diligence and undue delay in seeking this relief is apparent. Plaintiffs have known of the Court's stance on privity under Georgia law since the Order was issued on December 31, 2024, (*see* Order at 70–71), and they sought leave to amend on February 7, 2025. Dkt. 80. Rather than include a Georgia plaintiff who purchased his or her vehicle from an authorized dealer to colorably assert an implied warranty claim under Georgia law, plaintiffs put forth Georgia plaintiffs New and Clay, who purchased their vehicles from third-party retailers, and still chose to assert implied warranty claims under Georgia law in direct contravention of this Court's Order. Request for leave to add an additional Georgia plaintiff now can only be chalked up to undue delay. *See Tolston v. City of Atlanta, Ga.*, 723 F. Supp. 3d 1263, 1289 (N.D. Ga. 2024)

("The 'amount of time movant knew of the claim prior to seeking leave to amend' and 'the amount of time movant delayed in seeking to amend the complaint upon learning of the claim' are relevant considerations in determining whether there has been undue delay.").

Plaintiffs offer a lackluster explanation as to their undue delay, noting in a footnote that Mr. Hines came to them the week plaintiffs filed their Opposition. *See* Opp. at 15 n.8. This delay is not justified; it is not tied to any factual development through discovery, or any reason why amendment has been sought at this time and in this manner. *See Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) ("unexplained tardiness constitutes undue delay"); *Bauser*, 2024 WL 2406884, at *4 (finding undue delay where a plaintiff failed to justify its failure to move to amend sooner).

The Court's Order Granting Leave to Amend does not support plaintiffs' backdoor attempt to amend the FAC. *See* Opp. at 15 n.10. The Court granted leave in part because "this case was still in its relatively early stages. No defendant had filed an answer, the parties had not begun engaging in discovery, and the Court had not yet entered a scheduling order." *See* Dkt. 100 at 5. Since then, there have been extensive discussions regarding search terms, a discovery conference before the Court on plaintiffs' requests for production to defendants, document productions have been made, and a scheduling order has been entered. *See* Dkts. 96, 103.

Plaintiffs' basic disregard for the Federal Rules and the Court's Scheduling Order should not be entertained. Given their concession that the Georgia implied warranty claim fails, it should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants MBG and MBUSA respectfully request that the Court grant their partial Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint *with prejudice*.

Dated: November 7, 2025

Respectfully submitted,

/s/ *Troy M. Yoshino*

Troy M. Yoshino*
Shawn R. Obi*
Elisa H. Baca*
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Tel.: (415) 591-1000
TYoshino@winston.com
SObi@winston.com
Ebaca@winston.com
*admitted *pro hac vice*

/s/ *S. Wade Malone*

S. Wade Malone
Georgia Bar No. 468015
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th St. NW
Atlanta, Georgia 30363
Tel: (404) 322-6000
wade.malone@nelsonmullins.com

***Counsel for Mercedes-Benz USA, LLC and Mercedes-Benz Group AG***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Troy M. Yoshino*
Troy M. Yoshino

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7.1(D), I certify that this brief has been prepared pursuant to the requirements of Local Rule 5.1(C) and (D). Specifically, the text is double-spaced, the font is Times New Roman in 14-point size, and margins are one inch.

/s/ *Troy M. Yoshino*
Troy M. Yoshino