**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ALEXANDER SOWA, *et al.*, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG,<br><br>Defendants. | Case No. 1:23-cv-000636-SEG |

# STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION

Plaintiffs and Defendants Mercedes-Benz USA, LLC and Mercedes-Benz Group AG (collectively, the "Parties"), by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information.

IT IS HEREBY STIPULATED, subject to the approval of the Court pursuant to Federal Rule of Evidence 502(d), that:

## I. APPLICABILITY

1. This Order shall be applicable to and govern all deposition transcripts, recordings, and/or videotapes, Electronically Stored Information ("ESI"), and

documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the Parties in this litigation or any other state or federal matter pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively "Information").

## II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The production of Information that is privileged or attorney work product but inadvertently produced, and the production of privileged Information without an appropriate designation of privilege, shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding. These privileges and protections include, but are not limited to, the attorney-client privilege and the protection afforded to work product materials or the subject matter thereof. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Notwithstanding the foregoing, this Order does not preclude a party from voluntarily waiving a claim of privilege or other protection. The provisions of Federal Rule of Evidence 502(a) apply when a party uses privileged or other protected information to support a claim or defense.

3. Clawback Notice and Response Procedure. The party that produces Information that it claims to be inadvertently produced, privileged, or otherwise protected (the "Producing Party") must notify the party that received that Information (the "Receiving Party"), upon discovery that privileged or otherwise protected Information has been produced (the "Identified Material"), in writing that provides the Bates numbers of the Identified Material (the "Clawback Notice").

The Producing Party shall, at the time they provide the Clawback Notice, produce a privilege log with the relevant information pertaining to the Identified Material, as required by the Federal Rules of Civil Procedure and applicable case law, and in accordance with the privilege log provisions set forth below.

The Producing Party shall, upon receiving the Clawback Notice and the privilege log from the Producing Party of the Identified Material, make a reasonable, good faith search for all copies of such Information, and any communication or work product, including analyses, memoranda, or notes, derived from the Identified Material ("Derivative Information"). With respect to making a reasonable, good faith search to identify all copies of the Identified Materials or Derivative Information, this means to search locations (i) wherein the Receiving Party saves Producing Party production documents and work product associated with the Producing Party's production documents, such as document repositories or collaborative work spaces, and (ii) that are the common means by which the

Receiving Party might generate or distribute copies of or Derivative Information about the Producing Party's documents, such as emails, FTP sites, or other electronic communications. The Receiving Party shall not be required to search data sources that are not reasonably accessible such as backup media, slack data, fragmented data, or deleted data. The Receiving Party may make no use of the Identified Materials or Derivative Information during any aspect of this matter or any other matter (except as otherwise provided in section 3.B. below), including in depositions or at trial, unless the Identified Material is later designated by a court as not privileged or protected, or as otherwise agreed by the Producing Party.

A. *No Challenge or a Court-ordered designation of privilege or work product*. If the Receiving Party does not challenge a Producing Party's claim of privilege or work product protection within fourteen (14) calendar days of receipt of a Clawback Notice, or upon the determination by the Court that documents produced are Privileged Document(s), the Receiving Party must promptly return or destroy the document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege or work product protection is claimed, and provide a certification of counsel that all such Privileged Documents have been returned, destroyed, or deleted. The Receiving Party shall not use, disclose, or disseminate such Privileged Documents in any way (including, but not limited to, using the information at

depositions or trial), and must take reasonable steps to retrieve the Privileged Documents if disseminated by the Receiving Party to persons authorized under the Protective Order entered in this case prior to such notification.

B. *Challenge*. If a Receiving Party challenges a claim that a document specified in a Clawback Notice is privileged or protected work product:

(i) Upon its receipt of a Clawback Notice, the Receiving Party shall notify the Producing Party of its challenge (and the reasons therefor) within fourteen (14) calendar days of receiving the Clawback Notice asserting the claim. The Receiving Party shall immediately sequester the challenged document, all copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the substance of the information for which privilege or work product protection is claimed, until the claim has been resolved.

(ii) Within ten (10) calendar days of the Producing Party's receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to reach agreement, within five (5) business days of the meet and confer, the parties shall submit a joint discovery letter to the Court, submitting the issue for a determination and/or for in camera review. The fact that the information was produced shall not serve as grounds for the entry of a Court order compelling the production of the challenged Privileged Documents. Each party may use the Identified Material solely for

purposes of briefing or argument submitted in connection with any challenge to a Clawback Notice. In doing so, the Receiving Party agrees that such use shall not be construed as a waiver of the claimed privilege or work product protection. The Identified Material in the Clawback Notice shall not be used, disclosed, or otherwise relied upon by the Receiving Party while the parties are meeting and conferring regarding the asserted privilege or protection, or while the challenge is pending before the Court, unless otherwise agreed in writing by the parties or ordered by the Court. The Producing Party shall bear the burden of establishing the privileged or protected nature of the content of the document(s) it claims to be privileged or protected work product. For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the document(s).

4. Procedure During Deposition. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection in this or any other federal or state proceeding; (b) instruct the witness not to answer questions concerning the parts of the document

containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or work-product-protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document(s) in dispute. As to any testimony subject to a claim of privilege or work product, the Producing Party shall serve a Clawback Notice within five (5) business days of receipt of the rough transcript of the deposition from the court reporter, after which the Parties shall follow the procedures set forth in the preceding paragraphs. Pending determination of the Clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony as presumptively privileged. In the event the Court decides the Clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available within a reasonable period of time after the Court's decision.

5. Procedure in Briefs, Expert Reports, or Hearings. If a Receiving Party uses discovery materials in a brief, at a hearing (including trial), or in an expert report and the Producing Party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing (including trial), the

Producing Party shall serve a Clawback Notice within five (5) business days of the briefing event, hearing (including trial), or service of expert report if claiming that any materials used by the Receiving Party are attorney client privileged or protected work product, after which the Parties shall follow the procedures set forth in the preceding paragraphs. If the Producing Party has not served a Clawback Notice within five (5) business days as required by this section, they waive the protections of 502(d) and 502(b) will govern the adjudication of claims of privilege for such documents. For avoidance of doubt, a determination of waiver in such instances shall be limited to the specific communication or information disclosed.

## III. PRIVILEGE LOGGING

6. Except as otherwise provided in this Stipulated Order, each Party must provide a privilege log of Information responsive to a discovery request it has withheld from production or produced in redacted form on the grounds of privilege, attorney work product, or joint defense or common interest privilege. Each entry on the privilege log shall include sufficient information for a party or the Court to determine whether the document is privileged.

a. Each Party agrees to produce a privilege log within thirty days of entry of this order covering all documents that have been produced to date, and shall produce privilege logs on a rolling basis thereafter sixty (60) days after each

document production from which documents have been withheld. A final privilege log should be produced within thirty (30) days of the completion of document production.

b. Privilege logs will be produced in an Excel format, or other agreed-upon format, which allows the Receiving Party to search and sort any and all columns and entries of the privilege log.

c. A log of the documents withheld or redacted on the basis of privilege will be generated from the following corresponding Metadata fields to the extent they exist as Metadata associated with the original electronically stored information:

- Author
- File Name, or if applicable, email subject line (which may be substituted for an alternative description, where the content of the Metadata field reveals privileged information, per subparagraph (e) below)
- File Extension
- Sender/From
- Recipient/To
- CC
- BCC
- Sent Date/Time
- Date/Time Last Modified
- Custodian

d. Attachments to emails shall be logged as separate documents on the log. In all such instances, the log entries for attachments shall immediately follow the log entries for their respective parent documents, thereby preserving the family relationship.

e. Parties may substitute an alternative description of the content within the identified Metadata field(s) where the content of the Metadata field reveals privileged information. The Producing Party shall identify each instance in which it has modified the content of the field and the basis for the modification.

f. Parties will also include on the privilege log fields containing: (a) a unique document ID or Bates number; (b) information sufficient to understand the family relationship of withheld or redacted documents; (c) the privilege asserted (e.g., attorney-client, work product); and (d) a description of the nature of the withheld or redacted document or communication in a manner that, without revealing information claimed privileged, will enable a party to assess the privilege claim.

g. Mixed privileged families subject to production shall be handled as follows:

i. If a parent document is privileged and the attachments are not privileged, only the parent document will be logged on

the privilege log and withheld. The withheld parent document will be produced as a redacted document if any portion of the document is not privileged and as a slip-sheet if the entirety of the document is privileged, with its non-withheld attachments to keep the family context. The slip-sheet will receive a Bates number and be referenced on the log.

ii. To the extent there is a responsive and privileged attachment to a responsive and non-privileged parent document, that non-privileged parent document shall be produced, and the attachment produced with a slip-sheet as indicated. Only the attachment will be logged on the privilege log and withheld.

h. In instances where a limited portion of any document is privileged, the document will be redacted and produced and the redacted document shall be included as an entry in the privilege log. An email chain or thread for which a Party claims a privilege may be logged in a single entry as the "last-in-time" email in the email chain or thread, provided that each e-mail in the chain contains at least one privilege actor. The privilege log entry shall include all persons that are part of the chain or thread that are not otherwise listed as the

author, recipient, cc, or bcc of the "last-in-time" email. No lesser emails in the thread will thus need to be logged separately.

i. To the extent that an email thread contains privileged and nonprivileged communications, such email threads will be redacted, with the redacted portion indicated on the document itself.

j. Should a Receiving Party have a good faith reason to believe a particular entry or portion of the privilege log is not accurate or does not provide adequate information, the Receiving Party may request additional information, and the Parties may confer if necessary. Any revised or additional information will be provided via a supplemental privilege log consistent with the Rules.

k. Privilege logs must contain information sufficient to identify those persons appearing on the log who are attorneys. This should be done by identifying those persons with an asterisk (*) or other symbol. Alternatively, should a party be unable to identify those persons on a log with a symbol, they may provide a list of attorneys with the privilege log.

l. If a document is withheld as privileged and none of the standard metadata fields include the name of an attorney or legal staff, the Producing Party shall clearly disclose the privilege actor in a dedicated "Privilege Actor" field on the log.

7. The following documents presumptively need not be included on a privilege log:

a. Written or oral communications between a Party and its counsel related to any demand letters served by Plaintiffs in advance of this litigation;

b. Written or oral communications between a Party and its counsel after commencement of this action that are related to this litigation and/or other anticipated litigation;

c. Communications between a Party and its counsel after commencement of this action pertaining to ministerial or administrative tasks related to this litigation, such as the implementation of litigation holds or communications with custodians or potential custodians related to the collection of documents as part of discovery in this litigation;

d. Work product created by or at the direction of counsel after commencement of this action that is related to this litigation and/or other anticipated litigation; and

e. Communications and documents that are otherwise protected under Fed. R. Civ. P. 26(b)(4)(B)-(C).

8. A Receiving Party may challenge a Producing Party's claims of privilege or work product protection at any time by setting forth in writing their challenges. The Parties agree to engage in a conferral process for thirty (30)

calendar days from the date of the written challenge by the Receiving Party. If, at the conclusion of the meet and confer process, the Parties have not reached an agreement, the Receiving Party may bring the issue to the Court.

## IV. MODIFICATION

This Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**STIPULATED AND AGREED TO ON** December 5, 2025.

*/s/ Jonathan D. Selbin*
Jonathan D. Selbin*
Kenneth S. Byrd*
Muriel Kenfield-Kelleher*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, Eighth Floor
New York, New York 10013
Telephone: 212-355-9500
jselbin@lchb.com
kbyrd@lchb.com
mkenfieldkelleher@lchb.com

Adam J. Levitt*
John E. Tangren*
Daniel R. Ferri*
Daniel R. Schwartz*
Elijah G. Savage*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, 6th Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

*/s/ Shawn R. Obi*
Troy M. Yoshino*
Daniel M. Blouin*
Shawn R. Obi*
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA 9411
Tel.: (415) 591-1000
TYoshino@winston.com
DBlouin@winston.com
SObi@winston.com

S. Wade Malone
Georgia Bar No. 468015
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th St. NW
Atlanta, Georgia 30363
Tel: 404-322-6000
Fax: 404-322-6050
wade.malone@nelsonmullins.com

*admitted pro hac vice

dschwartz@dicellolevitt.com
esavage@dicellolevitt.com

*admitted pro hac vice

***Plaintiffs' Interim Class Counsel***

***Counsel for Mercedes-Benz Group AG and Mercedes-Benz USA, LLC***

*/s/ Ketan A. Patel*
Ketan A. Patel (Ga. Bar No. 121099)
**CORPUS LAW PATEL, LLC**
P.O. Box 724713
Atlanta, Georgia 31139
Telephone: 678-597-8020
kp@corpus-law.com

***Plaintiffs' Interim Liaison Counsel***

**IT IS SO ORDERED** this 9th day of December, 2025.

SARAH E. GERAGHTY
UNITED STATES DISTRICT JUDGE