**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALEXANDER SOWA, *et al.*, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and MERCEDES-BENZ GROUP AG,<br><br>Defendants. | Case No. 1:23-cv-00636-SEG |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs in the above captioned matter hereby seek leave to amend so that they may substitute the putative class representatives for the States of Texas, Illinois, and Michigan, and add an additional plaintiff from Georgia. Specifically, Plaintiffs' amendment will:

1) substitute proposed Plaintiff Tracy Higgins for current Plaintiffs Alma Brown and Curtis Willis as a proposed representative of the Texas subclass;

2) substitute proposed Plaintiff Catlleya Suico for current Plaintiff Christian Kodom as a proposed representative of the Illinois subclass;

3) substitute proposed Plaintiff Reagan Visser for current Plaintiff Edward

Michael Jacobs as a proposed representative of the Michigan subclass; and

4) add Christos Hines as a Georgia Representative.

Proposed Plaintiffs Higgins, Suico, and Visser (the "Substitute Representatives") are members of the Texas, Illinois, and Michigan, state-wide sub-classes respectively (as previously pled) and are ready and willing to adequately represent their respective subclasses in the place of Plaintiffs Brown, Willis, Kodom, and Jacobs. Proposed Plaintiff Christos Hines is a member of the Georgia statewide subclass who is stepping forward to assert the Georgia breach of implied warranty claim. Plaintiffs respectfully request an order granting Plaintiffs leave to file the proposed Second Amended Consolidated Class Action Complaint to effectuate the substitutions and the addition. *See* Ex. 1.[1]

Plaintiffs have met and conferred with the Defendants, who have stipulated to the proposed amendment. *See* ECF No. 115 at 3. The parties intend that the Substitute Representatives step into the shoes of Plaintiffs Brown, Willis, Kodom, and Jacobs and bring only the claims that currently survive in this litigation, in addition to the Georgia breach of implied warranty claim reasserted by proposed

[1] Plaintiffs attach a redline of the proposed Second Amended Consolidated Class Action Complaint as Ex. 2.

Plaintiff Hines.[2]

## I. **BACKGROUND**

This proposed class action addresses an alleged defect in a class of vehicles manufactured, designed, marketing, and sold by Defendants Mercedes-Benz Group AG ("MBG") and Mercedes-Benz USA, LLC ("MBUSA") (together, "Mercedes" or "Defendants"). Plaintiffs allege that the rear subframe, which stabilizes the Class Vehicles and holds the rear suspension and rear wheels securely to them, is subject to failure due to severe corrosion, as are adjacent components (i.e., brake lines, rear springs, etc.). FACCAC ¶¶ 348-355. On December 31, 2024, the Court issued its Order denying in part Mercedes' motions to dismiss. *See generally Sowa v. Mercedes-Benz Group AG*, 764 F. Supp. 3d 1233 (N.D. Ga. Dec. 31, 2024). Relevant to this motion, the Court denied Mercedes' motions to dismiss as it related to:

- Texas Plaintiffs Brown and Willis's claims for violation of the Texas Deceptive Trade Practices—Consumer Fraud Act, Breach of Implied Warranty, and Fraudulent Omission;
- Illinois Plaintiff Kodom's claims for violation of the Illinois Consumer Fraud Act, and Fraudulent Omission; and

---

[2] Plaintiffs contemporaneously filed a notice of the dismissal, without prejudice, of Plaintiffs Brown, Willis, Kodom, and Jacobs's individual claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

- Michigan Plaintiff Jacob's claims for violations of the Michigan Consumer Protection Act, Breach of Implied Warranty, and Fraudulent Omission.

*See id*. The Court also dismissed one Plaintiff's claim for breach of implied warranty under Georgia law for lack of privity. *Id*. at 69–70.

MBUSA served its First Sets of Requests for Production and Interrogatories on May 5, 2025. Plaintiffs Brown and Kodom did not respond to MBUSA's Interrogatories and have otherwise made clear they do not wish to continue as class representatives. On November 25, 2025, at the Parties' Discovery Dispute Conference, the Court directed Plaintiffs Brown and Kodom to respond to MBUSA's Interrogatories by December 9, 2025. ECF No. 109. Additionally, Plaintiffs Willis (Texas) and Jacobs (Michigan) recently informed Interim Class Counsel that they wish to withdraw from the litigation.

Consequently, Interim Class Counsel began contacting individuals that had previously expressed interest in joining this litigation as class representatives, so that there were plaintiffs ready and able to step in to represent the Illinois (Kodom), Texas (Willis and Brown) and Michigan (Jacobs) subclasses. On December 8, 2025, once it was clear Plaintiffs Brown and Kodom would not meet the Court's deadline, Interim Class Counsel informed Defendants that they intended to replace Plaintiffs Brown, Willis, Kodom, and Jacobs with substitute plaintiffs. Defendants agreed to

the substitution. *See* ECF No. 115 at 3. Defendants also agreed to withdraw their objections, raised in their reply brief in support of their pending partial Motion to Dismiss, to Plaintiffs' request for leave to amend the operative complaint to add an additional Georgia representative, Christos Hines, which was embedded within Plaintiffs' Opposition brief. *See id.*; ECF No. 104 at 15; ECF No. 107 at 11–14.

The Parties further agreed that Plaintiffs would move to substitute by December 16, 2025. *See* ECF No. 115 at 3. Thus, Plaintiffs herein move to for leave to file their Second Amended Consolidated Class Action Complaint (Ex. 1) in which proposed Plaintiff Hines is added as a Plaintiff and the Substitute Representatives are added and maintain only the causes of actions that survive as to Plaintiffs Brown, Willis, Kodom, and Jacobs.

## II. LEGAL STANDARD

Rule 15(a)(2) provides that a party may amend its pleading with "the opposing party's written consent." Under Rule 21 "the court may at any time, on just terms, add or drop a party." To the extent that Rule 21 is implicated, when "parties [are] both dropped and added, Rule 21 requir[es] that leave of court be sought and obtained as a prerequisite to filing the amended complaint." *Age of Majority Educ. Corp. v. Preller*, 512 F.2d 1241, 1246 (4th Cir. 1975); *see also Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1137-1140 (5th Cir. 1982) (analyzing motion to substitute class action plaintiffs under Rule 21).

"The court should freely give leave [to amend] when justice so requires." *Id.* Courts "should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. Inc. v. Pinnacle Adver. & Mktg. Grp.*, LLC, 7 F.4th 989, 1000 (11th Cir. 2021). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citation omitted). To that end, in the class action context, courts "routinely allow pre-certification substitution of lead plaintiffs in a variety of circumstances." *Wilson v. Quest Diagnostics Inc.*, 2020 WL 401814, at *2 (D.N.J. Jan. 24, 2020) (collecting cases).

## III. ARGUMENT

Because there is no apparent or declared reason to deny amendment, the Court should grant Plaintiffs leave to amend.

To begin, Plaintiffs were diligent in seeking this amendment. Once it became apparent that the Texas, Illinois, and Michigan subclasses would be left without representatives, Interim Class Counsel began to reach out to individuals from those states that were ready and able to step into this lawsuit and represent those

subclasses. After the Substitute Representatives were identified, Plaintiffs timely filed this motion for leave to amend to effectuate the substitution. Moreover, Plaintiffs sought to add Plaintiff Hines as a Georgia representative the week he retained Interim Class Counsel. *See* ECF No. 104 at 15 n. 8.

Plaintiffs' amendment is made in good faith. "Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage." *Endurance Am. Ins. Co. v. Bain Berkeley, Inc.*, 2023 WL 9119102, at *3 (N.D. Ga. May 12, 2023). Here, there is no abusive or ulterior motive. Plaintiffs seek to add the Substitute Plaintiffs solely to serve as representatives for the three statewide subclasses whose surviving claims would otherwise go unrepresented. And they seek to add proposed Plaintiff Hines – who did directly purchase a vehicle from an authorized Mercedes retailer – to assert Plaintiffs' claim for breach of implied warranty under Georgia law, which was dismissed for lack of privity.[3] Moreover, "Eleventh Circuit precedent favors allowing new and proper class representatives to enter a case to ensure the putative class members' interests are protected," *Martorella v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2006-1*, 2014 WL 12779556, at *2 (S.D. Fla. Sept. 18, 2014).

Finally, the amendment will not prejudice Defendants. Indeed, Mercedes has stipulated to the amendment. ECF No. 115 at 3. And "courts in this Circuit agree

[3] For these same reasons, amendment is not futile.

that, where," as here, "time remains in the agreed-upon discovery period, the non-moving party is not prejudiced by the other party's amendment." *Nelson v. TruGolf, Inc.*, 2021 WL 9349179, at *4 (N.D. Ga. Nov. 5, 2021) (compiling cases). The deadline for the substantial completion of document discovery is not until April 27, 2026, and fact discovery does not close until May 18, 2027. ECF No. 118. This leaves ample time for Mercedes to obtain any necessary discovery related to the Substitute Plaintiffs and Plaintiff Hines.

In short, there is no reason to deny leave to amend.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their Second Amended Class Action Complaint, so that they may add Plaintiff Hines and the Substitute Representatives in place of Plaintiffs Brown, Willis, Kodom, and Jacobs.

Dated: December 16, 2025 Respectfully submitted,

/s/ *Jonathan D. Selbin*
Jonathan D. Selbin (pro hac vice)
Kenneth Byrd (pro hac vice)
Lucas Issacharoff (pro hac vice)
Muriel Kenfield-Kelleher (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, Eighth Floor
New York, New York 10013
Telephone: 212-355-9500
jselbin@lchb.com
kbyrd@lchb.com
lissacharoff@lchb.com
mkenfieldkelleher@lchb.com

*Plaintiffs' Interim Class Counsel*

/s/ *Adam J. Levitt*
Adam J. Levitt (pro hac vice)
John E. Tangren (pro hac vice)
Daniel R. Ferri (pro hac vice)
Daniel R. Schwartz (pro hac vice)
Elijah G. Savage (pro hac vice)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
dschwartz@dicellolevitt.com
esavage@dicellolevitt.com

*Plaintiffs' Interim Class Counsel*

/s/ *Ketan A. Patel*
Ketan A. Patel (Ga. Bar No. 121099)
**CORPUS LAW PATEL, LLC**
P.O. Box 724713
Atlanta, Georgia 31139
Telephone: 678-597-8020
kp@corpus-law.com

*Plaintiffs' Interim Liaison Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Ketan A. Patel*
Ketan A. Patel

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7.1(D), I certify that this brief has been prepared pursuant to the requirements of Local Rule 5.1(C) and (D). Specifically, the text is double-spaced, the font is Times New Roman in 14-point size, and margins are one inch.

*/s/ Ketan A. Patel*
Ketan A. Patel