**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ALEXANDER SOWA, *et al.*, individually and on behalf of others similarly situated,

Plaintiffs,

v.

MERCEDES-BENZ USA, LLC and MERCEDES-BENZ GROUP AG f/k/a DAIMLER AG,

Defendants.

Case No. 1:23-cv-000636-SEG

# DEFENDANTS MERCEDES-BENZ USA, LLC'S AND MERCEDES-BENZ GROUP AG'S MOTION FOR LEAVE TO FILE UNDER SEAL

# I. INTRODUCTION

Pursuant to Local Rule Appendix H, Section II(J), Judge Geraghty's Standing Order Regarding Civil Litigation Section III(G), Section I(1) of the Stipulated Protective Order (Dkt. 94), and the Court's invitation to make use of its sealing procedures contained in its September 8, 2026 correspondence to the parties, Defendants Mercedes-Benz USA, LLC ("MBUSA") and Mercedes-Benz Group AG ("MBG") hereby respectfully move for leave to redact discrete portions of the parties' Joint Request for Resolution of Dispute Regarding Clawback of Privileged Information ("Joint Request"). The Joint Request has been provisionally filed under seal, with proposed redactions shown via highlighting.

Under Federal Rule of Civil Procedure 26(c) and this Court's precedent, litigants are entitled to file court documents under seal upon "a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Id.* at 1246 (quoting *Chi. Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1315 (11th Cir. 2001)).

When determining whether good cause exists to seal a filing, courts balance the "right of access" to court records "against the other party's interest in keeping the information confidential." *Id.* This balance turns on factors such as "whether allowing access would impair court functions or harm legitimate privacy interests";

"the degree of and likelihood of injury if made public"; "the reliability of the information"; "whether there will be an opportunity to respond to the information"; "whether the information concerns public officials or public concerns"; "and the availability of a less onerous alternative to sealing the documents." *Id.* Protecting documents containing privileged information moves the needle in favor of keeping such documents sealed. *See Albert v. Ass'n of Certified Anti-Money Laundering Specialists, LLC*, 2020 WL 4615090, at *3 (N.D. Ga. July 9, 2020) (denying motion to unseal because "the document was sealed for the purpose of protecting—as much as possible—information that is subject to the attorney-client privilege and the work-product doctrine").

Here, these factors favor sealing the parties' Joint Request. The parties specifically submitted their Joint Request for this Court to determine whether these documents should remain privileged. To that end, the parties describe in some detail the contents and circumstances surrounding documents at issue—including which contents are protected by the attorney-client privilege and the attorney work-product doctrine, and the reasons why these documents should remain privileged. Filing the Joint Request publicly would undermine the privilege protections MBUSA and MBG are trying to uphold and could pose a likelihood of injury to MBUSA and MBG. *See Souffrant v. Toyota Motor Sales, U.S.A., Inc.*, 2017 WL 5494988, at *1 (S.D. Fla. Nov. 16, 2017) (finding good cause to seal letter attached to complaint

that "describes in detail several emails and internal communications … that contain Toyota's attorney-client privileged communications and confidential work product" including legal advice, internal discussions, and internal litigation strategies).

Further, in accordance with Judge Geraghty's Standing Order at Section IV.J., MBUSA and MBG have narrowly tailored their request to the redaction of discrete portions of the Joint Request that describe the content of privileged information or protected work product. This less onerous option (as opposed to sealing the entirety of the Joint Request) fairly balances public policy against the vital protections needed to maintain attorney-client privilege and the work-product doctrine.

Even beyond the need to protect privilege, portions of the Joint Request should be redacted given the confidential nature of the documents and the discussion of their contents. Each of the documents at issue has been designated as Confidential under the case's Protective Order, and plaintiffs have not challenged any of these designations. The documents and the contents discussed in the Joint Request are confidential business records containing proprietary and sensitive business records, and MBUSA and MBG would suffer harm if this information were to become available to the public, including MBUSA's and MBG's competitors. As a result, the confidential nature of this information separately weighs in favor of sealing the Joint Request. *See Chemence Med. Products, Inc. v. Medline Indus., Inc.*, 2015 WL 149984, at *5 (N.D. Ga. Jan. 12, 2015) (granting motions to seal exhibits with

"confidential business information and product specifications" and "information regarding confidential business negotiations").

Finally, the sealing of the Joint Request would not impair Court functions. To the contrary, the sealing of the Joint Request does not prevent the Court from ruling on the parties' dispute, and plaintiffs are not prevented from presenting their arguments regarding the privilege designation of these documents.

## II. CONCLUSION

For the reasons stated above, the Court should grant MBUSA's and MBG's motion for leave to file the parties' Joint Request for Resolution of Dispute Regarding Clawback of Privileged Information under seal and allow MBUSA and MBG to refile the Joint Request with their proposed redactions.

Dated: September 10, 2026

Respectfully submitted,

/s/ *Troy M. Yoshino*

Troy M. Yoshino*
Shawn R. Obi*
WINSTON TAYLOR LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Tel.: (415) 591-1000
Troy.Yoshino@winstontaylor.com
Shawn.Obi@winstontaylor.com
*admitted *pro hac vice*

/s/ *S. Wade Malone*
S. Wade Malone
Georgia Bar No. 468015
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th St. NW
Atlanta, Georgia 30363
Tel: 404-322-6000
Fax: 404-322-6050
wade.malone@nelsonmullins.com

***Counsel for Mercedes-Benz USA, LLC and Mercedes-Benz Group AG***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 10, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Troy M. Yoshino*
Troy M. Yoshino

**CERTIFICATE OF COMPLIANCE**

In compliance with Local Rule 7.1(D), I certify that this brief has been prepared pursuant to the requirements of Local Rule 5.1(C) and (D). Specifically, the text is double-spaced, the font is Times New Roman in 14-point size, and margins are one inch.

/s/ *Troy M. Yoshino*
Troy M. Yoshino