UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEXANDER SOWA, et al.,

Plaintiffs,

v.

MERCEDES-BENZ GROUP AG, MERCEDES-BENZ USA, LLC,

Defendants.

CIVIL ACTION NO.

1:23-CV-636-SEG

## ORDER OF APPOINTMENT OF SPECIAL MASTER

On September 11, 2026, the Court provided notice to the parties of its intention to appoint a special master pursuant to Fed. R. Civ. P. 53, and the parties were given an opportunity to be heard. As the Court explained in its notice, the special master's role in this case would be primarily one of case management as well as other duties, to be designated, essential to moving the case forward through complex discovery and motion practice. The Court has informed the parties of its intention to appoint Carlos A. González as special master in this case. Accordingly, having provided the parties the requisite notice and opportunity to be heard, the Court **APPOINTS** Carlos A. González as special master, pursuant to Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure and subject to the provisions of this Order. The Court hereby **ORDERS** as follows:

(1) Mr. González shall serve as special master ("Special Master") in this case and shall discharge the following overall duties.

(2) The Special Master shall mediate, resolve, and, when necessary, issue reports and recommendations ("R&Rs") regarding discovery disputes arising in this matter through summary judgment, and take other proactive measures as necessary to manage discovery and resolve discovery disputes efficiently and fairly. Additionally, and with notice to the parties, the Court may refer non-discovery motions to the Special Master for purposes of issuing R&Rs, or where appropriate, resolving such motions through mediation.

(3) The Special Master shall reasonably determine the appropriate procedures for resolution of all assigned matters after consultation with the parties and shall have the authority to take all appropriate measures to perform the assigned duties, with such exceptions to procedure as set forth below.

(4) Discovery disputes shall be governed as follows:

a) In accordance with the parties' obligations under LR 37.1(A)(1), NDGa, any party wishing to raise a discovery dispute before the Special Master must first meet and confer with counsel for the opposing party.

b) In the event the parties are unable to resolve the discovery dispute after meeting and conferring, the party wishing to raise

the discovery dispute with the Special Master shall promptly notify the Special Master.

c) The Special Master may take any reasonable steps to resolve the discovery dispute without the filing of a formal motion including, *inter alia*, requiring the parties to submit short statements summarizing the dispute and, in turn, the Special Master shall schedule and hold a conference with counsel to address the parties' arguments.

d) If the Special Master is unable to resolve the discovery dispute informally, the party wishing to raise the discovery dispute with the Special Master shall file a motion in accordance with LR 37.1, NDGa.

e) The filing and service of motions arising from discovery disputes shall comply with the requirements set forth in LR 7.1, NDGa. In addition to filing such motions and supporting papers with the Court, the party raising the discovery dispute shall serve the Special Master by electronic mail.

f) The Special Master may issue an R&R on any discovery dispute that has been fully briefed in accordance with the procedures set forth herein: (1) without oral argument; or (2) after scheduling oral argument by the parties, either by telephonic

conference or an in-person conference. The Special Master shall confer with the parties as to an agreeable time and location for any such conference.

g) Upon consideration of any discovery dispute raised and briefed in accordance with the procedures set forth herein, the Special Master shall enter an R&R setting forth the decision and basis for the decision sufficient to permit the Court's review under Fed. R. Civ. P. 53(f).

(5) The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

(6) Pursuant to Rule 53(a)(2) and 53(b)(3)(A), the Special Master has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

(7) The parties and the Special Master may not communicate on an *ex parte* basis, other than (a) as part of any mediation activity, with prior notice to all parties, or (b) for minor administrative matters. The Special Master, however, may contact the Court on an *ex parte* basis to discuss any matters relevant to this case.

(8) The parties shall file with the Clerk all papers filed for consideration by the Special Master, to the extent not already filed with the Clerk. The Special Master shall also file with the Clerk all R&Rs or orders.

(9) The Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. The Special Master shall file any written orders, findings, and/or recommendations with the Court via Electronic Case Filing ("ECF"). Such filing shall constitute service in accordance with LR 5.1(A), NDGa.

(10) The Court's action on any written orders, findings, and/or recommendations of the Special Master shall be reviewed and handled in accordance with Fed. R. Civ. P. 53(f).

(11) Any party seeking review of any ruling of the Special Master shall comply with the procedures and within the time limits specified in Fed. R. Civ. P. 53(f).

(12) The Court has considered the fairness of imposing the likely expenses of the Special Master on the parties and has taken steps to protect against unreasonable expense or delay. Pursuant to Rule 53(g), the Special Master shall be compensated at an hourly rate of $785 per hour for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall not charge for travel time but shall charge

for reasonable travel expenses, to the extent they are incurred. The Special Master shall provide an invoice for his services to all the parties on a monthly basis or at such intervals as he may decide, and those bills shall be promptly paid. The Special Master's fees and reasonable expenses shall be allocated evenly between the Plaintiffs' side and the Defendants' side, with 50% allocated to Plaintiffs and 50% allocated to Defendants, with each side accordingly responsible for $392.50 per hour for the Special Master's fee. The Special Master will bill in quarter-hour increments. Given the uncertain length of time that the Special Master's services will be required, on or near the annual anniversary of this Order of Appointment, so long as the Special Master continues his service, he may seek from the Court an appropriate and reasonable increase in his hourly compensation. Any request for future adjustment in the Special Master's hourly rate must be undertaken by the Special Master in consultation with the parties. Consistent with Rule 53(b)(4), this Order may be amended at any time after notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED** this 28th day of September 2026.

SARAH E. GERAGHTY
United States District Judge