**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ALEXANDER SOWA, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC and MERCEDES-BENZ GROUP AG,<br><br>Defendants. | Case No. 1:23-cv-000636-SEG |

**JOINT MOTION FOR AMENDED**
**CASE-SCHEDULING ORDER**

Plaintiffs and Defendants Mercedes-Benz USA, LLC ("MBUSA") and Mercedes-Benz Group AG ("MBG" and together with MBUSA, "Defendants") (collectively, the "Parties"), by and through their undersigned counsel, respectfully move this Court for an Order amending the case schedule set forth in the Court's Order Granting Joint Motion for an Amended Case Scheduling Order (the "Amended Scheduling Order") (ECF No. 118). Good cause exists to grant this motion, as set forth below.

1. On April 23, 2025, this Court entered its Scheduling Order (ECF No. 96) (the "Initial Scheduling Order"), which opened discovery on April 28, 2025, for the claims that survived Defendants' motion to dismiss. *Id.* at 4.

2. The Initial Scheduling Order required the substantial completion of document discovery, including the production of electronically stored information ("ESI"), by December 26, 2025. *Id.* The Initial Scheduling Order further set briefing schedules for class certification and summary judgment, with opening briefs due on June 26, 2026 and July 2, 2027, respectively. *Id.* at 5.

3. On December 12, 2025, the Parties jointly moved the Court to amend the Initial Scheduling Order. ECF No. 116. The Parties explained that additional time was necessary to complete document discovery because, among other things, the ESI search terms to be applied by Defendants had only recently been finalized, MBUSA had identified an additional ESI custodian whose documents required review and production, and the discovery involved a significant volume of documents, including foreign-language documents, spanning from 2007 through the date of collection. *Id.* at 2–3.

4. The Parties accordingly requested that the deadline for substantial completion of document discovery be extended from December 26, 2025, to April 27, 2026, and that the deadline for Plaintiffs' motion for class certification and class-certification expert reports be extended from June 26, 2026, to October 26, 2026. The Parties also requested corresponding extensions of the remaining class-certification and summary-judgment deadlines. *Id.* at 4–5.

5. The Court granted the Parties' motion and entered the Amended Scheduling Order. ECF No. 118. Under that Order, Plaintiffs' motion for class certification and class-certification expert reports are presently due October 26, 2026; Defendants' opposition and class-certification expert reports are due January 25, 2027; and Plaintiffs' reply and rebuttal expert reports are due April 23, 2027.

6. Since entry of the Amended Scheduling Order, the Parties have continued to conduct fact discovery, including depositions of MBUSA employees. On May 26, 2026, Plaintiffs requested dates for the depositions of two MBG employees located in Germany. On June 19, 2026, Defendants advised that the earliest availability for those individuals was in October 2026. To facilitate coordination of the deposition schedule, and at Defendants' request, Plaintiffs thereafter identified eight MBG employees—including the two individuals previously identified—whose depositions they intend to take, while reserving the right to depose additional individuals as necessary.

7. The Parties are now working to coordinate dates for those depositions. Plaintiffs also intend to serve a notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, which may require additional coordination regarding Defendants' designees and the scheduling of the Rule 30(b)(6) depositions.

8. Given the timing and coordination necessary to complete this deposition discovery, as well as the fact that Defendants' Motion to Dismiss

Plaintiffs' Second Amended Consolidated Class Action Complaint (ECF No. 133) is pending and the pleadings are therefore not yet settled, the Parties agree that an extension of the Amended Scheduling Order's class-certification deadlines is now necessary. The Parties therefore jointly propose extending Plaintiffs' deadline to move for class certification and serve class-certification expert reports from October 26, 2026, to April 2, 2027, with corresponding extensions to the remaining class-certification deadlines, as set forth below.

9. The Parties request this extension in good faith. Granting the extension will serve the interests of judicial economy by providing sufficient time to complete the anticipated deposition discovery before class-certification briefing begins.

10. The Parties also agree that the deadlines for the remaining events in the case, non-class-certification *Daubert* motions, and summary judgment, should be suspended. Within 45 days after the Court's ruling on class certification, the Parties will meet and confer and submit a proposed schedule for those remaining events.

11. As noted below, the parties do not agree on a date for the close of discovery.

a. <u>Plaintiffs' Position:</u> Plaintiffs propose that the close of discovery should keep its current position relative to other deadlines and follow shortly after the new date for the close of class certification briefing. This Court has already considered and rejected Defendants' proposal that discovery close

prior to class certification briefing. (*See* Doc. 82 at 13 (stating Defendants' position that the close of discovery should precede the start of class certification briefing); Doc. 96 at 5 (setting the close of discovery for nearly five months after the last round of class certification briefing).) Leaving the close of discovery where it already is in the schedule ensures that there is sufficient time for any necessary discovery following the resolution of pending and future discovery disputes (including, inter alia, potential disputes concerning the completeness of Defendants' document productions—Plaintiffs do not share Defendants' assessment that they have substantially completed their document productions) and in response to positions the Parties may take in the class certification briefing.

b. <u>Defendants' Position:</u> MBG and MBUSA propose that the existing May 18, 2027, close of discovery date remain the deadline for close of fact discovery. MBG and MBUSA substantially completed their document productions in late April 2026 (more than a year before the existing close of discovery date), and the parties have already begun coordinating depositions and will be able to complete depositions before May 18, 2027.

12. For the reasons discussed above, the Parties propose the following modifications to the case schedule:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Plaintiffs' motion for class certification, and Plaintiffs' class certification expert reports | October 26, 2026 | April 2, 2027 |
| Defendants' opposition to class certification, deposition(s) of Plaintiffs' experts, Defendants' class certification expert reports, and Defendants' Daubert motions regarding Plaintiffs' class certification experts | January 25, 2027 | July 9, 2027 |
| Plaintiffs' reply in support of class certification, deposition(s) of Defendants' class certification experts, Plaintiffs' opposition to Defendants' Daubert motions, Plaintiffs' Daubert motions regarding Defendants' experts, and Plaintiffs' rebuttal class certification expert reports | April 23, 2027 | October 8, 2027 |
| Close of Discovery | May 18, 2027 | Plaintiffs' proposal: November 2, 2027<br><br>MBG and MBUSA's proposal: Close of Fact Discovery on May 18, 2027 |

| | | |
|---|---|---|
| Remaining Events (Close of Expert Discovery, non-class Daubert motions, summary judgment) | Various dates under the Amended Scheduling Order | Suspended; the Parties will submit a proposed schedule for the remaining events within 45 days after the Court's ruling on class certification |

13. The proposed extension of the above deadlines will cause no prejudice to any party.

14. The Parties have met and conferred regarding the requested extension and jointly submit this Motion.

15. For the foregoing reasons, the Parties have demonstrated good cause for this Motion. Granting this extension serves the interests of justice, will prevent prejudice, and is not sought for the purpose of delay.

WHEREFORE, for the good cause shown herein, the Parties respectfully request that the Court enter an order amending the case schedule as proposed above.

Dated: September 30, 2026

Respectfully submitted,

/s/ *Adam J. Levitt*
Adam J. Levitt (pro hac vice)
John E. Tangren (pro hac vice)
Daniel R. Schwartz (pro hac vice)
Elijah G. Savage (pro hac vice)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900

/s/ *Troy M. Yoshino*
Troy M. Yoshino (pro hac vice)
Jeffrey Wilkerson
Shawn R. Obi
Elisa H. Baca
Caitlyn Cheleden
**WINSTON TAYLOR LLP**
101 California Street,
21st Floor San Francisco, CA 94111

alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dschwartz@dicellolevitt.com
esavage@dicellolevitt.com

Telephone: 415-591-1000
Troy.Yoshino@winstontaylor.com
Jeff.Wilkerson@winstontaylor.com
Shawn.Obi@winstontaylor.com
Elisa.Baca@winstontaylor.com
Caitlyn.Cheleden@winstontaylor.com

/s/ *Jonathan D. Selbin*
Jonathan D. Selbin (pro hac vice)
Kenneth Byrd (pro hac vice)
Lucas Issacharoff (pro hac vice)
Celena H. Nelson (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, Eighth Floor
New York, New York 10013
Telephone: 212-355-9500
jselbin@lchb.com
kbyrd@lchb.com
lissacharoff@lchb.com
cnelson@lchb.com

*Plaintiffs' Interim Class Counsel*

/s/ *Ketan A. Patel*
Ketan A. Patel (Ga. Bar No. 121099)
**CORPUS LAW PATEL, LLC**
P.O. Box 724713
Atlanta, Georgia 31139
Telephone: 678-597-8020
kp@corpus-law.com

*Plaintiffs' Interim Liaison Counsel*

/s/ *S. Wade Malone*
Samuel Wade Malone
Avery Carter
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Telephone: 404-322-6000
wade.malone@nelsonmullins.com
avery.carter@nelsonmullins.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 30, 2026 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Ketan A. Patel*
Ketan A. Patel

**CERTIFICATE OF COMPLIANCE**

In compliance with Local Rule 7.1(D), I certify that this brief has been prepared pursuant to the requirements of Local Rule 5.1(C) and (D). Specifically, the text is double-spaced, the font is Times New Roman in 14-point size, and margins are one inch.

*/s/ Elijah G. Savage*
Elijah G. Savage