August 28, 2026

**VIA PDF EMAIL**

The Honorable Sarah E. Geraghty
United States District Court
for the Northern District of Georgia
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**Re:** ***Sowa v. Mercedes,*** **1:23-cv-00636-SEG**
**Joint Request for Resolution of Dispute Regarding Clawback of Privileged Information**

Your Honor:

On July 24, 2026, Plaintiffs notified Mercedes that it had inadvertently produced at least three dozen PowerPoint presentations with image slipsheets indicating that the documents were withheld for privilege. The presentations appeared on Defendants' privilege log. On July 29, 2026, Defendants responded that they were relinquishing their claim of privilege on all but three of the presentations (**MBG_SOWA_013870**, **MBG_SOWA_013872**, and **MBG_SOWA_014232**). Separately, Mercedes notified Plaintiffs on July 29, 2026 that it was clawing back two emails sent by a Mr. Gregory Gunther, who was deposed on July 30, 2026 (**MBUSA_SOWA_043118** and **MBUSA_SOWA_043119**).

Plaintiffs' counsel notified Defendants of Plaintiffs' challenge to these clawback designations pursuant to Section II.3.B.(i) of the Stipulated Order Regarding the Disclosure of Privileged Information [Dkt. 114]. The parties met and conferred but were unable to resolve their dispute. The Parties now submit this dispute to the Court for determination pursuant to Section II.3.B.(ii) of the Stipulated Order.

**Plaintiffs' Position**

Each of the documents predates the litigation. None of the documents reflects legal advice.[1] None of the documents was authored by counsel. The Stipulated Order makes clear that Mercedes bears the burden of establishing privilege, Dkt. 114, § II.3.B.(ii). It cannot do so here.

---

[1] Per the Stipulated Order, counsel may "use the Identified Material solely for the purposes of briefing or argument submitted in connection with any challenge to a Clawback Notice." Dkt 114, § II.3.B.(ii). The undersigned have accordingly reviewed the contents of these five documents for that purpose.

1. **2018 PowerPoint Presentation: MBG_SOWA_013870 and MBG_SOWA_013872.**

**MBG_SOWA_013870** is a PowerPoint presentation with the filename [redacted] authored by Daniela Bundschuh, who is not an attorney, and last modified on August 29, 2018—roughly five years before this litigation began in 2023. It was sent in a single e-mail to sixteen individuals on August 29, with two of the individuals cc'd identified as attorneys. **MBG_SOWA_013872** is the same PowerPoint presentation as **MBG_SOWA_013870**, but sent by non-lawyer Manuela M. Bobic on September 3, 2018, to non-lawyers Bjoern Krusche and Andreas Roessler.

In the 2018 PowerPoint presentation itself, there is nothing to indicate that it reflects or relates in any way to legal advice. The document is [redacted] not presumptively privileged. *In re Mentor Corp. Obtape Transobturator Sling Products Liability Litigation,* 2010 WL 11519568 at *4 (M.D. Ga. Jan. 22, 2010) (holding that emails responding to an internal employee report regarding product complications were not protected under the work product doctrine because they were not prepared in anticipation of litigation). Indeed, the document on its face says *nothing* to indicate it was prepared in anticipation of litigation,[3] and there is nothing in the document or in any disclosed email relaying or relating to legal advice.[4]

During the parties' meet and confer, Mercedes did not identify what litigation this 2018 PowerPoint was purportedly created to support, or otherwise explain how it should be construed as privileged. Until this letter, Defendants never asserted in the meet and confer that [redacted] Rather, the sole justification for the claim of privilege was that, in **MBG_SOWA_013870**, two of the sixteen individuals to whom the 2018 PowerPoint was sent were identified as corporate counsel. But it is well settled that a document is not made privileged

---

[2] The term "Analyseergebnisse" is a German word that means "analysis results" in English.

[3] The document states [redacted]

[4] Defendants note below that *Mentor* separately found work-product protection applicable to an outside counsel's memorandum concerning a governmental inquiry. But that holding was based on the court's finding, following a review of the document itself, that it was clear that the document was created "regarding the [regulatory] inquiry" and "to aid in possible future litigation." 2010 WL 11519568, at *4. There is no indication that the document that was privileged in *Mentor* was purely factual in nature, as this one is.

by the mere act of cc'ing corporate counsel, particularly where the information contained therein is purely factual in nature. *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1391–93 (N.D. Ga. 2017) (cc'ing counsel does not create per se privilege, and where an email contains "purely factual information," the presence of in-house counsel on a chain does not confer privilege). Contrary to Defendants' assertion, nothing in the contents of the presentations reflects legal advice or indicates that the presentations were created for the purpose of obtaining such advice. The mere presence of counsel among the recipients does not supply that missing connection.

Respecting **MBG_SOWA_013872** – where *none* of the sending or receiving parties are counsel – Mercedes argues that, because the 2018 presentation was sent (via cc) to counsel under separate cover in **013870**, that presentation must be privileged, even when passed among non-lawyers. That, too, is not the law: "communication involving no attorneys, seeking no specific legal advice, primarily concerning business purposes, and which discloses no theory of the case or other critical mental impressions of an attorney's agent" are not privileged. *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1330 (N.D. Ga. 2015). *See also*, *e.g. Jones v. Tauber & Balser, P.C.*, 503 B.R. 162, 195 (N.D. Ga. 2013) (documents created as part of an entity's ordinary course of business—before any actual or imminent claim arises—are not protected by the work product doctrine); *Barba v. Shire US, Inc.*, 2015 WL 2412257, at *2 (S.D. Fla. May 20, 2015) (summaries of factual information that are not "closely related to the mental impressions" of counsel do not have work-product protection).

At bottom, the 2018 presentation was 1) created and last modified in August 2018—roughly five years before this litigation began in 2023, 2) exchanged among non-attorneys, and 3) contains technical engineering content. It is not privileged in any respect.

2. **<u>2022 PowerPoint Presentation: MBG_SOWA_014232</u>**

**MBG_SOWA_014232** is a June 2022 PowerPoint presentation entitled [redacted] It is authored by non-lawyer Rana Bani Ismaeel and last modified on June 10, 2022. The presentation was sent by non-lawyer Rouven Thiel on June 29, 2022, to non-lawyer Bjoern Krusche and to Annika Krohmer – a person who is *not* disclosed as an attorney on the relevant privilege log.[5]

---

[5] Defendants state that they disclosed Ms. Krohmer as an attorney in MBUSA's August 11, 2026 privilege log. But they fail to mention that this log contained only a single entry, which is unrelated to any of the documents at issue here. MBG's June 1, 2026 consolidated privilege log, which asserted privilege over MBG_SOWA_014232, includes three entries for Ms. Krohmer—**none of which indicate that she is an attorney**, as required by the parties' Stipulated Order Regarding the Disclosure of Privileged Information. Dkt. 114, § III(6)(k). Plaintiffs' statement that Ms. Krohmer was not identified as an attorney was therefore based on MBG's own contemporaneous privilege log for the documents at issue, which did not identify that status even though MBG now relies on it to support its privilege claim.

The document itself contains a statement that it was "prepared at the request of counsel." However, there is no indication it was prepared in anticipation of litigation, or otherwise reflects legal advice or strategy. Indeed, it is described specifically as a [redacted] *United States v. Davita, Inc.*, 301 F.R.D. 676, 682 (N.D. Ga. 2014) (rejecting privilege claims over communications with corporate lawyers where it was not evident that the primary purpose of the communication was legal, as opposed to business, advice). Indeed, the title—"[redacted] further supports the document's non-litigation purpose. *Cf. In re CFS–Related Securities Fraud Litig.*, 223 F.R.D. 631 (N.D. Okla. 2004) ("Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client."); *Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1106 (N.D. Cal. 2016) (documents serving "dual purpose," including business purpose independent of litigation, not protected work product).

**3. <u>Gregory Gunther Emails (MBUSA_SOWA_043118, MBUSA_SOWA_043119)</u>**

Finally, Defendants seek to claw back two e-mails from Mr. Gregory Gunther, both sent on November 5, 2019. Mr. Gunther was deposed on July 30, 2026, and the emails were clawed back on July 29, 2026 – it appears Mercedes identified them during deposition preparation. Plaintiffs therefore did not have the opportunity to question Mr. Gunther about their contents. Given that these emails are clearly relevant to the issues in this case, Plaintiffs will seek to re-depose Mr. Gunther respecting these two e-mails and any additional improperly withheld documents should the clawback be deemed improper.

**MBUSA_SOWA_043118** is an email from Gregory Gunther to undisclosed recipients. The email contains no reference to attorneys, legal advice, or any pending or anticipated litigation. The e-mail describes, with three bullet points, the existence of [redacted]

**MBUSA_SOWA_043119** is an email from Gregory Gunther with the subject line "Notes for 11/5/19," sent on the same date as **MBUSA_SOWA_043118**, but with the recipient identified: non-lawyer Christiane Netzker. This email contains some identical wording as contained in **MBUSA_SOWA_043118,** and likewise contains no reference to attorneys, legal advice, or any pending or anticipated litigation.

Defendants asserted in a meet and confer that these emails reflect notes from a meeting with counsel, but there is no indication of such in the documents themselves. The documents do not reference any attorney, do not indicate they were prepared at the direction of counsel, and do not reflect any discernable legal advice. In any event, even if the e-mails were created following a meeting with in-house counsel, that alone would not establish privilege. The emails are short

bullet-point recitations of fact. Defendants' bare assertion that these factual recitations memorialize legal advice, without supporting facts establishing that connection is insufficient to meet their burden, *even if* the underlying facts were learned in a meeting with counsel. *WestRock CP, LLC v. Corrugated Synergies Int'l, LLC*, 2024 WL 4171367, at *1 (N.D. Ga. Aug. 27, 2024) (an email primarily reciting factual matters is not protected by the attorney-client privilege); *In re CFS-Related Sec. Fraud Litig.*, 223 F.R.D. 631, 635 (N.D. Okla. 2004) ("It is well settled that factual information communicated from the attorney to the client is not privileged simply because an attorney was the source of the factual information.").

**4. Requested Relief**

Plaintiffs respectfully request the Court to order Defendants to relinquish their claim of privilege as to **MBG_SOWA_013870**, **MBG_SOWA_013872**, **MBG_SOWA_014232**, **MBUSA_SOWA_043118**, and **MBUSA_SOWA_043119** and all similar documents.

**Defendants' Position**

**1. 2018 PowerPoint Presentation: MBG_SOWA_013870 and MBG_SOWA_013872.**

MBG documents bearing Bates numbers **MBG_SOWA_013870** and **MBG_SOWA_013872**, and their document families, are properly withheld in their entirety under the attorney-client privilege and work-product doctrine. Plaintiffs' challenge to these substantively identical documents rests on the placement of the names of two attorneys in the email "CC" line rather than the "To" or "From" lines. But this does not defeat privilege. *See Eglin Fed. Credit Union v. Cantor, Fitzgerald Sec. Corp.*, 91 F.R.D. 414, 418 (N.D. Ga. 1981) (noting that privilege is not waived when communications are shared with employees outside the company's control group because "in order for the corporate attorney to obtain this information, it may frequently be necessary for him to speak with middle and lower level employees on matters within the scope of their employment."); *see also United States v. Davita, Inc.*, 301 F.R.D. 676, 681 (N.D. Ga. 2014) (explaining that even when no attorney is included in the communication, the communication may be privileged nonetheless). The parent email transmitting **MBG_SOWA_013870** makes plain that the document reflects advice from the legal department – specifically copying attorney Mr. Rudzio – and that the analysis was undertaken in anticipation of litigation [redacted] The entire document family is therefore privileged.

The only difference in **MBG_SOWA_013872**'s document family, transmitted for the same purpose, is one additional email in which the same privileged documents are discussed, also in anticipation of litigation. Thus, it remains protected for precisely the same reasons. Requiring counsel to be a named addressee, or barring circulation of counsel's advice among the business personnel who consider and use such advice, would defeat the privilege rather than police it. *See Davita, Inc.*, 301 F.R.D. at 681 ("[S]imply because a communication is made between two corporate employees, neither of whom are attorneys, that fact is not determinative of whether that

communication primarily involves business advice rather than legal advice for purposes of applying attorney-client privilege to that correspondence." (internal citations omitted)).

Plaintiffs' cited case law does not defeat MBG's claims of privilege. Plaintiffs' argument rests on the incorrect assumption that the PowerPoints at issue were not created at the direction of counsel and in anticipation of litigation. That is not the case; the PowerPoints were created after MBG received an inquiry from the German government. Therefore, plaintiffs' cases do not support their position. *See United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1330 (N.D. Ga. 2015) (finding no work-product protection over an email that was written and sent before the party engaged with counsel in the case); *Jones v. Tauber & Balser, P.C.*, 503 B.R. 162, 195 (N.D. Ga. 2013) (explaining that the documents sought in discovery were created before any third-party claim); *see also Barba v. Shire US, Inc.*, 2015 WL 2412257, at *2 (S.D. Fla. May 20, 2015) (noting no work-product protection over portions of a script that did not contain counsel's mental impressions and that was not prepared in anticipation of litigation).

Relatedly, plaintiffs' claim that MBG has not "provided the Court any authority for the proposition that such an inquiry [from a government agency] qualifies the document as privileged" is contradicted by *their own cited case law*. Plaintiffs cite to *In re Mentor Corp.* but ignore its only relevant holding: that a memorandum created in response to a French agency's inquiry *was* entitled to work-product protection and thus remained privileged. *In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 11519568, at *4 (M.D. Ga. Jan. 22, 2010) ("[I]t is clear to the Court that the memorandum from [an employee] to [the defendant's] legal team and other [of defendant's] employees regarding the [government inquiry] was created to aid in possible future litigation. . . . Therefore, the Court grants [the defendant's] motion for a protective order as to that memorandum, and [defendant] shall not be required to produce it."). Instead, plaintiffs cite to a different, inapplicable holding of the case that said *whistleblower* reports were not entitled to work-product protection. *See id.* ("[Defendant] asserts in its reply brief that the employees who authored the report used 'purported concerns over ObTape as a means of setting up employment related claims[.]'"). Here, MBG received [redacted] The remainder of that email and its attached documents have been properly withheld as privileged. MBG can provide the Court with additional information for *in camera* review as to the privileged nature of these documents. As in *In re Mentor Corp.*, the PowerPoints at issue here should remain privileged.

**2. <u>2022 PowerPoint Presentation: MBG_SOWA_014232</u>**

**MBG_SOWA_014232** is privileged work product and protected by the attorney-client privilege. First, plaintiffs are aware that Annika Krohmer is an attorney (*see* MBUSA's August 11, 2026 privilege log identifying Krohmer as an attorney), so plaintiffs' claim that there is no attorney on this communication does not account for Ms. Krohmer's status as regulatory counsel to MBG. The first page of the document states in bold red letters, "PRIVILEGED AND CONFIDENTIAL

– PREPARED AT THE REQUEST OF COUNSEL." The work-product doctrine protects materials prepared because of anticipated litigation when prepared at counsel's direction.

Here again, plaintiffs' case law does not support their position. First, plaintiffs' citation to *Davita* merely restates a standard of which MBG is already aware – the primary purpose standard. As stated above, this document was created with a primary purpose to seek or provide legal advice. *See U.S. v. Davita, Inc.*, 301 F.R.D. 676, 682 (N.D. Ga. 2014). The initiating conversation is from an in-house attorney to others within the company. The primary purpose of this communication is to provide legal advice to the client.

Plaintiffs' other cases either directly contradict their argument, *see In re CFS-Related Sec. Fraud Litig.*, 223 F.R.D. 631, 635 (N.D. Okla. 2004) ("[C]ommunications between the attorney and the client, even when the parties are discussing factual information, *are protected by the attorney client privilege*." (emphasis added)), or cite out-of-circuit law analyzing the application of the work product doctrine under a standard that is *not* recognized in the Northern District of Georgia, *see generally Phoenix Techs., Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096 (N.D. Cal. 2016) (discussing dual purpose approach to determining whether or not a document is privileged in Northern District of California); *but see Spirit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 685 (N.D. Ga. 2012) ("Accordingly, it is now well recognized that documents that serve a dual purpose are covered by the work product protection if they were produced with the 'motivating purpose' or 'because of' anticipated litigation."); *see also Bellsouth Advertising & Pub. Corp. v. Am. Bus. Lists*, 1992 WL 338392, at *8 (N.D. Ga. Sept. 8, 1992) ("The attorney-client privilege is not lost, however, if business advice is simply incorporated into legal advice of counsel."). To the extent the Court would like to discuss this document further, MBG can provide additional information for *in camera* review at the Court's request. For these reasons, this document should remain privileged.

**3. <u>Gregory Gunther Emails (MBUSA_SOWA_043118, MBUSA_SOWA_043119)</u>**

**MBUSA_SOWA_043118** and **MBUSA_SOWA_043119** are privileged. Both documents are [redacted] The documents are near duplicates. [redacted]

[redacted] a client's contemporaneous record of confidential legal advice is protected precisely because disclosure would reveal the substance of the attorney-client communication itself. *See United States v. Defonte*, 441 F.3d 92, 95 (2d Cir. 2006) ("The memorializations of private conversations [the client] had with [its] attorney are protected from disclosure by the attorney-client privilege."). The notes are independently protected as work product because [redacted]

[redacted] *See In re Mentor Corp.*, 2010 WL 11519568, at *4 ("[I]t is clear to the Court that the memorandum from [an employee] to [the defendant's] legal team and other [of defendant's] employees regarding the [government inquiry] was created to aid in possible future litigation. . . . Therefore, the Court grants [the defendant's] motion for a protective order as to that memorandum, and [defendant] shall not be required to produce it."). MBUSA does not provide further detail here because doing so could disclose privileged information. At the Court's request, MBUSA can provide additional information for *in camera* consideration.

Plaintiffs' cited cases are inapplicable here. First, the court in *WestRock CP, LLC v. Corrugated Synergies International, LLC* held that notes from a board meeting among a company's non-attorney executives were not privileged. *See* 2024 WL 4171367, at *1 (N.D. Ga. Aug. 27, 2024) (noting that an email was not privileged where it was "a report providing a factual summary of a meeting between WestRock executives"). That case has no application here, where [redacted]

As to *In re CFS-Related Securities Fraud Litigation*, plaintiffs again ignore that the MBUSA documents reflect [redacted]. In fact, plaintiffs' own cited case law acknowledges that "communications between the attorney and client, even when the parties are discussing factual information, are protected by the attorney-client privilege." 223 F.R.D. 631, 635 (N.D. Okla. 2004). [redacted] Thus, they remain protected by the attorney-client privilege and the work-product doctrine.

**4. <u>Additional Note on Later Learned Facts</u>**

Plaintiffs' assertion that they only later learned of information related to the documents is irrelevant to the Court's assessment of whether the documents are properly withheld under the attorney-client privilege or work-product doctrine. Counsel for MBG and MBUSA have met their obligation of candor to the Court and all statements made in this letter are true, accurate, and complete to the best of MBG's and MBUSA's knowledge.

**<u>Requested Relief</u>**

Defendants respectfully request that the Court deny plaintiffs' request to compel waiver of the attorney-client privilege and work-product protection and hold that **MBG_SOWA_013870**, **MBG_SOWA_013872**, **MBG_SOWA_014232**, **MBUSA_SOWA_043118**, and **MBUSA_SOWA_043119** remain protected by the attorney-client privilege and the work-product doctrine.

Respectfully Submitted,

*/s/ Daniel R. Schwartz*
Adam J. Levitt (pro hac vice)
John E. Tangren (pro hac vice)

Daniel R. Schwartz (pro hac vice)
Elijah G. Savage (pro hac vice)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dschwartz@dicellolevitt.com esavage@dicellolevitt.com

Jonathan D. Selbin (pro hac vice)
Kenneth Byrd (pro hac vice)
Lucas Issacharoff (pro hac vice)
Celena H. Nelson (pro hac vice)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, Eighth Floor
New York, New York 10013
Telephone: 212-355-9500
jselbin@lchb.com
kbyrd@lchb.com
lissacharoff@lchb.com
cnelson@lchb.com

*Plaintiffs' Interim Class Counsel*

Ketan A. Patel (Ga. Bar No. 121099) **CORPUS LAW PATEL, LLC**
P.O. Box 724713
Atlanta, Georgia 31139
Telephone: 678-597-8020
kp@corpus-law.com

*Plaintiffs' Interim Liaison Counsel*

*<u>/s/ Troy M. Yoshino</u>*
Troy M. Yoshino
Jeffrey Wilkerson
Shawn R. Obi
Elisa H. Baca
Caitlyn Cheleden
**WINSTON TAYLOR LLP**
101 California Street,
21st Floor San Francisco, CA 94111
Telephone: 415-591-1000
Troy.Yoshino@winstontaylor.com
Jeff.Wilkerson@winstontaylor.com

Shawn.Obi@winstontaylor.com
Elisa.Baca@winstontaylor.com
Caitlyn.Cheleden@winstontaylor.com

Samuel Wade Malone
Avery Carter
**NELSON MULLINS RILEY**
**& SCARBOROUGH, LLP**
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Telephone: 404-322-6000
wade.malone@nelsonmullins.com
avery.carter@nelsonmullins.com

*Attorneys for Defendants*